## H. J. (SLIM) MATHIS v. THE STATE.

No. 8859.  Delivered April 29, 1925.

1.—Possession of Intoxicating Liquor—Evidence—Insufficient.

The finding of whisky in a garage used by appellant to store his automobile, that was not kept locked and to which others had access is not sufficient to sustain a conviction.

2.—Same—Circumstantial Evidence—Rule.

Where the state relies upon circumstantial evidence alone, a conviction will not be sustained if the circumstances proved do not exclude every other reasonable hypothesis except the guilt of the defendant. Suspicious circum-

stances, or mere probabilities, have always been *held* insufficient to overcome the presumption of innocence, and in this case the state failed to meet the requirements of this well settled rule.

### 3.—Same—Evidence—Possession—Rule.

The rule on the question of possession has been correctly stated in a theft case as follows: "A finding of stolen property in the prisoner's house or apartment is equally competent in evidence against him as a finding upon his person. But the house or room must be proven to be in his exclusive occupation. If the property were locked up in a room or box, of which he had the key, it would be a fair ground for calling upon him for a defense. But if it were found lying in a house or room, in which he lived jointly with others, equally capable of having committed the theft, it is clear that no definite presumption of guilt could be made." Lehman v. State, 18 Tex. C. A. 176.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing for the purpose of sale intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Potter County for the offense of possessing for the purpose of sale spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication and his punishment assessed at confinement in the penitentiary for the term of one year.

The State's case shows that appellant roomed at a place run by Mrs. Wallace in a stucco house back of the Verdon Hotel in Amarillo. This little house had a garage at the back of it.   This garage was used by appellant to store his car, but the car was not in the garage on the night when the offense is alleged to have been committed; it was out on the road, bogged down.   The witness Verdon testified that about two o'clock P. M. of December 22, 1923, he saw a Mr. Menke drive up near the stucco house and he and appellant take a gunny sack with something in it and carry it in the front door of the stucco house where appellant roomed.   That night after dark the sheriff and his deputies searched the house where appellant lived and also the garage and found some whiskey in the garage, but none in the house.   The garage was some few feet back of the house. The garage opened at both ends, one opening going out on the alley, the other going toward the house.   The garage was unlocked and no lock on it and nothing was proved to show it was the custom to keep it locked, and neither were any keys to it found in the appellant's possession.   The State's witnesses testified that the ap-

pellant when arrested denied any knowledge of the liquor, and the record shows without dispute that other men roomed at the same house at the same time with appellant. Appellant was found by the officers in the living-room with Mrs. Wallace, but no whiskey was found on him, nor in any part of the house, and the evidence negatives the idea that he was drinking or in any manner under the influence of liquor when the search was made and the liquor found in the garage. The liquor in the garage was covered up with loose dirt and some boxes.

This testimony is in our opinion insufficient to warrant the jury in saying to a moral certainty that the defendant is guilty. A conviction based on circumstantial evidence will not be sustained if the circumstances proved do not exclude every other reasonable hypothesis except the guilt of the defendant. Suspicious circumstances or mere probabilities have always been held insufficient to overcome the presumption of innocence. This case stands alone on the single circumstance of the liquor being found in a garage that the appellant used. This garage was not locked. Every person on the place had equal opportunity with appellant to enter it. On this question of possession the rule has been correctly stated in a theft case as follows:

"A finding of stolen property in the prisoner's house or apartment is equally competent in evidence against him as a finding upon his person. But the house or room must be proved to be in his exclusive occupation. If the property were locked up in a room or box of which he had the key, it would be a fair ground for calling upon him for his defense. But if it were found lying in a house or room in which he lived jointly with others equally capable of having committed the theft, it is clear that no definite presumption of guilt could be made." Lehman v. State, 18 App. 176.

This has been the rule in Texas since the organization of this court, and we have no disposition to in any manner depart from it. It is applicable to this case, and without abrogating it we can not do otherwise than hold that this evidence is not sufficient to support this judgment.

So believing, it is our opinion that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.