## IRA CURRY V. THE STATE.

No. 9714.   Delivered January 6, 1926. .

**Possessing Intoxicating Liquor—Evidence—Held, Insufficient.**

Where, on a trial for possession of intoxicating liquor for the purpose of sale, the evidence for the State disclosed that a gallon jug, partly filled with whiskey, was found in a cottonseed house, on premises occupied by appellant, his father and two grown brothers, besides two other grown persons who boarded there.   The evidence wholly fails to connect appellant with the whiskey to the exclusion of the other parties occupying the said premises, and is insufficient to support the judgment. Following Mathis v. State, 272 S. W 304, and authorities therein cited..

Appeal from the District Court of Upshur County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of possessing intoxicating liquor, for the purpose of sale, penalty five years in the penitentiary.

The opinion states the case.

*Briggs & Davis* of Gilmer, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Upshur County of the offense of unlawfully possessing intoxicating liquor, and his punishment assessed at five years in the penitentiary.

The only question presented in the record for our consideration is the sufficiency of the testimony to sustain the conviction.   The officers under search warrant searched the premises in question in the absence of the appellant and found in the cottonseed house a gallon jug about two-thirds full of corn whiskey, and in a closet in the house some whiskey, the amount of which is not shown, and also found some other utensils consisting of bottles, jugs and a couple of kegs on said premises.   The appellant as a witness in his own behalf denied any knowledge of said whiskey being on said premises and explained the presence of the bottles, jugs and demijohns by showing that he had obtained same from a garage man for cleaning out an old garage, and that the jugs and demijohns had contained wood alcohol, and was so labeled.   The record

also discloses that the defendant's father and two grown brothers were living on said premises at the time, exercising all the rights and privileges accorded or enjoyed by appellant, besides there were two other grown persons boarding there. The testimony in this case fails to connect the appellant in any way with the possession of the whiskey in question to the exclusion of the other parties occupying said premises, and we therefore hold that the evidence in this respect is insufficient to sustain the conviction under the rule announced by this court in Mathis v. State, 272 S. W. 204, and authorities therein cited. For this reason we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.