BEN H. BELSON V. THE STATE.

No. 9824.   Delivered February 3, 1926.

**Manufacturing Intoxicating Liquor—Evidence—Held, Insufficient.**

Where, on a trial for the manufacture of intoxicating liquor, the proof disclosed that the officers raided the premises of appellant and discovered in an outhouse what they testified was a still, some barrels and corn whiskey, and it further appearing that several others on the premises beside the appellant had equal opportunity with him, and control of said outhouse, we cannot find in such a state of facts, viewed from the standpoint of circumstantial evidence that degree of certainty which our law demands to warrant a conviction, and the cause is reversed. Following Mathis v. State 272 S. W. 204 and other cases cited.

Appeal from a conviction in the District Court of Falls County. Tried below before the Hon. Prentice Oltorf, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Nat Lewellyn* and *Frank Oltorf* of Marlin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Falls County for manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the officers raided appellant's residence and premises, and found in an outhouse a still, some

barrels, and what the state's witnesses contended was corn whiskey, and which the state's chemist, who analyzed two bottles of it, found to contain 7.75 and 10.65 per cent respectively of alcohol per volume. The defendant denied any knowledge of any still, barrels and of the alleged whiskey being in said outhouse, until same was found by the officers while in his presence. There are many bills of exceptions in the record as to the admission of testimony and the refusal of the court to give special charges, but after a careful consideration of same, we are of the opinion that there is only one question in the record which demands our attention, and that is the sufficiency of the evidence to sustain the conviction. The undisputed testimony shows that the appellant was engaged in the real estate business largely, and was away from home a great portion of the time, and away from home that day, and that he had Mexicans on his place working the farm, and another aged man, who lived with him and looked after all of his stock, and took care of the premises generally and to the locking of the houses, and on the night of the raid the outhouse where the still and other articles in question were found, was locked and this man had the key; and that the appellant's brother-in-law was on the premises at the time of the raid, and had been there during the day, and was a frequent visitor at his house for quite a while prior to the date in question. Under this state of the facts, of necessity the state would have to rely upon circumstantial evidence, and this record discloses that there were other parties on the premises besides the appellant, to whom the evidence of guilt would point as strongly as to that of the appellant. Under such state of facts this court has held that such evidence is insufficient to warrant a conviction, in the absence of proof that the parties were acting together. Branch's Ann. Penal Code, Sec. 1877; Mathis v. State, 272 S. W. 204; Curry v. State, No. 9714, delivered January 6, 1926, yet unreported officially. We are of the opinion that the evidence is insufficient to warrant the conviction.

For the reasons above stated the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.