ROBERT MCVERSE V. THE STATE.

No. 9832.   Delivered February 10, 1926.

**Sale of Intoxicating Liquor—New Trial—Newly Discovered Evidence— Properly Refused.**

Where appellant files his motion for a new trial on the ground of newly discovered evidence of the sheriff, and an attorney, both of whom were in frequent contact with appellant's counsel, and with the slightest diligence their testimony could have been procured on the trial, no diligence is shown, and the court properly refused a new trial.

Appeal from the District Court of Lamar County.   Tried below before the Hon. Geo. P. Blackburn, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Lamar County for selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the state relied on a straight sale by the appellant to the witness Lum Odom, and the defense was a denial of sale and an alibi.   There are no objections to the court's charge or bills of exceptions in the record, except a general bill setting up the entire motion for new trial, wherein among other things, it was contended by the appellant that the court erred in not granting him a new trial for newly discovered testimony.   The record discloses that this alleged newly discovered testimony was to prove that at the time of the arrest of the prosecuting witness that he was in a state of intoxication, and when asked if he desired bond, he replied he did not care what they did with him; and from an attorney, Mr. Eubanks, the appellant expected to prove that the general reputation of said prosecuting witness for truth and veracity was bad.   The record discloses that both of said proposed witnesses lived in Lamar County, and that one was a sheriff and the other was a practicing attorney, both of whom were in frequent con-

tact with the appellant's counsel, and with the slightest dili-
gence said testimony could have been procured for the trial.
The court's explanation in overruling defendant's motion in
this particular shows no error therein.

We have carefully examined the entire record, and finding
no error in the trial of this case, are of the opinion that the
judgment of the trial court should be in all things affirmed,
and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has
been examined by the Judges of the Court of Criminal Appeals,
and approved by the Court.