### JOHN BATTLES V. THE STATE.

No. 10972.   Delivered June 24, 1927.

Rehearing granted State November 15, 1927.

Rehearing granted Appellant January 11, 1928.

1.—**Possessing Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Improperly Omitted.**

Where the only evidence of an incriminating character was the finding of some bottles of beer or near beer in a barn belonging to appellant and in

a pasture not shown to be under the control of appellant, it was error for the trial court to fail to charge on the law of circumstantial evidence.

ON REHEARING BY STATE.

### 2.—Same—Charge of Court—On Circumstantial Evidence—Given.

On rehearing by the state, it is made to appear that the court gave adequate instructions on circumstantial evidence in a supplemental charge, and that our opinion reversing the cause for the failure to charge on circumstantial evidence was in error.

### 3.—Same—New Trial—For Newly Discovered Evidence—Properly Refused.

Where a new trial was requested on the ground of newly discovered evidence, and it appears that the newly discovered witness was one of the parties who made the affidavit for the warrant to search appellant's premises, and no diligence was shown by appellant to ascertain the facts within the knowledge of such witness, the discretion of the trial court was not abused in refusing the motion. See Art. 753, C. C. P. 1925, Subd. 6, Vernon's Tex. Crim. Stat. 1925, Vol. 3, page 15, notes 25 and 26; Lewis v. State, 82 Tex. Crim. Rep. 285, and other cases cited on rehearing by the state.

### 4.—Same—Search Warrant—Description of Premises—Sufficient.

Where a search warrant described the premises to be searched as "situated fifteen miles north of Nocona, Texas, on the four-acre tract of land at and near the Nocona gin, in possession of John Battles" and the liquor is described as "intoxicating liquor, possessed in violation of law, the kind and quantity of which is unknown to the officials," this description was a substantial compliance with the constitutional and statutory demands. See Hernandez v. State, reported in this volume; Wilson v. State, 290 S. W. 1103, and Story v. State, 290 S. W. 296.

ON REHEARING BY APPELLANT.

### 5.—Same—Evidence—Held Insufficient.

On rehearing by appellant, an examination of the facts proven in this case discloses that officers made a search of appellant's premises including his barn, and also of a nearby pasture, not shown to have been under his control. Some bottles of liquor, supposedly near beer, were found in his barn and also some similar bottles were found in the nearby pasture. Some of the liquor found was intoxicating, but the state failed to establish whether it was that which was found in the barn, and in appellant's possession, or that found in the pasture, not shown to be in his possession, that was intoxicating. Being a case depending upon circumstantial evidence, we are not satisfied that it excludes every reasonable hypothesis save the guilt of the accused, and the affirmance is set aside and the judgment reversed.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincient Stine, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*James R. Graham, Jameson & Crawford,* and *Donald & Donald,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

Appellant resided at a village composed of six or seven dwelling places. Besides his dwelling, he had a store, barn and gin. In the store he sold cold drinks. The premises were searched. There was a failure to find any intoxicating liquor of any character in any of his buildings, but in the barn there were found some empty bottles, the character of which might have been for beer or might have been for "near beer." In the weeds (some distance from the appellant's barn there were found several cases of what the officers called beer and "home brew." These cases of beer were in what was described as a "big pasture" and were about the same distance from places occupied by others as from the appellant.

There was one witness who testified that sometime ago he had bought whisky in the house of the appellant but that he did not buy it from the appellant. The date of the transaction is not given at all. The witness said, however, that the appellant was in the store at the time he bought whisky from another man. The witness did not state that the appellant was cognizant of the transaction; that the whisky was not in the store but that the man went out to some place and got it.

The evidence adduced by the appellant was that the place where the alleged contraband liquid was found was not on his premises or on the premises under his control. This comes from others than the appellant, and was not controverted by any direct testimony.

The chief complaint is the refusal of the court to instruct the jury upon the law of circumstantial evidence. This fault in the charge was properly raised by exceptions duly preserved. state's counsel concedes that the conviction rests upon circumstantial evidence alone, and in this view we concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING BY STATE.

MORROW, PRESIDING JUDGE.—The reversal heretofore ordered was based upon the failure of the court to charge the

jury upon the law of circumstantial evidence. It is now made to appear that the court, by a supplemental charge, gave adequate instructions upon that subject.

As grounds for a new trial appellant claimed that he had discovered new and material evidence. Upon the trial it was shown that the search of the premises was made by A. E. Bridgewater and Captain G. T. Cooper. The purported newly discovered evidence is the affidavit of Captain Cooper to the effect that he did not discover any intoxicating liquor upon the premises of the appellant. It was shown in the motion for new trial that although Cooper was present at the time of the search and testified as a witness on the trial, the appellant had used no diligence to ascertain that the witness would give the testimony embraced in the affidavit. Moreover, Cooper was one of the persons named in the search warrant as having made the affidavit upon which it was issued. The diligence which the law requires is not shown to have been exercised, in ascertaining the facts within the knowledge of the witness. The discretion of the trial court was not, in our judgment, abused. C. C. P., 1925, Art. 753, Subd. 6, Vernon's Tex. Crim. Stat., 1925, Vol. 3, page 15, notes 25 and 26; Lewis v. State, 82 Tex. Crim. Rep. 285; Jackson v. State, 81 Tex. Crim. Rep. 597; Gregory v. State, 105 Tex. Crim. Rep. 674; McVerse v. State, 103 Tex. Crim. Rep. 140, 280 S. W. 583.

The sufficiency of the search warrant (which, by the way, was not introduced in evidence) is attacked upon the ground that it did not sufficiently describe the location of the liquor. The premises where the liquor was located were described as "situated fifteen miles north of Nocona, Texas, on the four-acre tract of land at and near the Rolan gin, in possession of John Battles," and the liquor is described as "intoxicating liquor possessed in violation of law, the kind and quantity of which are unknown to the affiants." In the matter of the description of the premises and the liquor, it is believed that there was a substantial compliance with the constitutional and statutory demands. See Hernandez v. State, (No. 10711, not yet reported) ; Wilson v. State, 290 S. W. 1103; Story v. State, 296 S. W. 296.

For the reasons stated, the state's motion for rehearing is granted, the order of reversal is set aside, and the judgment of the trial court is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING BY APPELLANT.

HAWKINS, JUDGE.—Appellant insists that the judgment should be reversed on account of the insufficiency of the evidence. The other questions presented in the motion have been considered and will not again be discussed. The judgment was originally reversed on confession of error predicated on the mistaken idea that the court gave no charge on circumstantial evidence. No charge on this subject was embraced in the main charge, but was contained in a supplementary instruction. This was called to our attention in the state's motion for rehearing. That point and appellant's claim of newly discovered evidence challenged our attention in writing on rehearing for the state and the particular point now stressed by appellant was not considered.

Two officers, Bridgewater and Cooper, conducted a search of appellant's premises. The record does not show that liquor of any kind was found in appellant's store or dwelling house. The officers then separated, Bridgewater going into a pasture where he found in some weeds three or four cases, some being empty and others containing what the witness called "beer." This pasture was not in appellant's possession, and he exercised no control over it. Other dwellings and stores were situated as close to where Bridgewater found the liquor as were those of appellant. There was no evidence showing that appellant was connected with this liquor. Cooper was not present at the trial, being sick at the time. While Bridgewater was searching in the pasture, Cooper was investigating appellant's barn. Bridgewater says when he got through with his search he went to the barn and that Cooper was standing in front of it and there were some cases standing there in which were some fifty or sixty pints of "beer." The witness says, "I called it beer. It was 'home brew.'" Bridgewater had seen Cooper going in the barn and other places two or three times, but did not know whether all these places were on appellant's property; he saw Cooper come out from somewhere with cases in his hand. The officers took all of the full bottles to town and delivered them to the sheriff. The sheriff testified that he drank one bottle of it and that in his opinion it was intoxicating. Appellant makes the point that there is no evidence to show whether the liquor sampled by the sheriff came from the pasture or the barn; that the record is silent as to whether the liquor found in the two places was of the same kind; that if the liquor which the sheriff said was intoxicating came from the pasture it was

not found in appellant's possession and therefore would furnish no criminative evidence against him. It is further contended that if Bridgewater's evidence be sufficient to show that some liquor was taken from appellant's barn there is no evidence to show that it was intoxicating, unless the bottle tested by the sheriff be one taken from the barn, and there being uncertainty upon that point the state has failed to meet the requirements of the law demanding that circumstantial evidence must exclude every reasonable hypothesis save the guilt of accused. We think his contention must be sustained. Albaneso v. State, 99 Tex. Crim. Rep. 108, 268 S. W. 158. Branch's Ann. Tex. P. C., Section 1877, and authorities there collated. Our conclusion is further strengthened by the fact that when Bridgewater came from the pasture he went into the barn himself, but found only a case of empty bottles, and also by the recitals in Cooper's affidavit attached to the motion for new trial to the effect that he found no intoxicating liquor on appellant's premises, but only found some empty "near bear" bottles which were covered with dust and cobwebs. A closer scrutiny of the record in view of appellant's motion makes it our plain duty under well recognized rules of law to grant the motion, set aside the judgment of affirmance, and reverse the judgment of the lower court and remand the cause for a new trial, and it is so ordered.

*Reversed and remanded.*