## GEORGE SHELBY V. THE STATE.

No. 16278. Delivered February 7, 1934.
State's Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 82.

The opinion states the case.

J. A. Johnson, of Stephenville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for two years.

The relevant facts, as shown by the evidence, are as follows: The appellant and his wife resided in a four-room house in the city of Stephenville. They owned a farm of 160 acres some distance in the country. There were two sons who were eighteen and twenty-five years of age respectively. The sons were arrested upon the farm mentioned while engaged in manufacturing whisky. They had in their possession about a pint of whisky at the time of their arrest, which occurred sometime before noon. After arresting the sons the officers arrested the appellant. He was not at home at the time. The evidence is to the effect that he left home shortly after daylight and did not return. Possessed of a search warrant, the officers searched the residence of the appellant before his arrest. His wife was there at the time. She disclaimed any knowledge of the presence of any whisky upon the premises. However, the officers found three gallons of whisky. Two gallons were in a keg and one gallon was in a jar. She disclaimed any specific knowledge as to when and by whom the whisky was brought to her house. She stated, however, that the two sons sometimes stayed at the house but did not stay there on the night before the whisky was found. During the morning while the witness was about her work in the yard and garden the sons came to her house and remained for some time. Some girls were with them. She did not know whether they brought any whisky to the house or not. She knew of no other means by which it could have been brought there. Appellant had been told by one of his sons that they were going to make some whisky and sell it in Fort Worth; that they were going to make it out on the farm mentioned above. He at first remonstrated with them but they told him they had to do something to get something to eat; that they were out of work and had no money. After that statement was made appellant did not further protest against their making whisky.

In a conversation with one of the officers while the search was being made, the appellant's wife is quoted as saying: "I remember talking to Mr. John Wright up there; I said a few words to him. I stated to Mr. John Wright there they had that whisky there in order to get some money—we had it there to get something to eat. That's the reason we had it there. * * * I don't know how long it has been there. I told you I never saw that stuff until they brought it out of the house. I never saw it in the house. * * * I stated to Mr. Wright that we had it there to get money to get something to eat. * * * I did not see my husband or anybody else put that whisky there. My husband did not sell any of that whisky. * * * I don't know whether or not my husband knew that liquor was there."

Appellant disclaimed any knowledge of the whisky found by the officers or of any whisky that was in his house.

The declaration of the wife of the appellant quoted above was not admissible as evidence against the appellant, but was admissible as a circumstance bearing upon the credibility of her own testimony that she did not know that there was any liquor in the house.

The evidence is not regarded as conclusive against the appellant to a degree necessary to sustain his conviction upon the law of circumstantial evidence. Touching the presence of the whisky in his home, his agency in placing it there or his knowledge of its beng there was not established to a moral certainty. On the morning prior to his arrest, he was shown to have left home at an early hour. Later other persons, namely, his two sons and some girls, came to the residence during the absence of the appellant. The sons had been making whisky, and their company, whoever they may have been, might have been responsible for the presence of the whisky in the house. They might have brought it there during the appellant's absence and without his knowledge. They were not called as witnesses, and no evidence is produced explanatory of the failure of the state to do so.

Viewed in the light of the record and having in mind the limitations upon the right to imprison one upon circumstantial evidence, this court would not be justified in upholding the verdict. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing the representative of the state calls our attention to statements in our

original opinion which resulted from a misconception of the facts leading us to say that some girls came to the appellant's house with the sons of appellant. The officer testified that about the time the search was over the two daughters of Mr. and Mrs. Shelby came in. The original opinion has been corrected in the particular mentioned.

In passing upon the question of the sufficiency of the evidence to support the conviction, other cases are of little aid as the facts in different cases are so variant. In some respects, however, the present case is like Curry v. State, 102 Texas Crim. Rep., 572, 278 S. W., 855, and Wooldridge v. State, 121 Texas Crim. Rep., 255, 51 S. W. (2d) 727, and the principle involved is precisely the same. We think proper application of such principle was made in disposing of the case originally.

The motion is overruled.

*Overruled.*