## J. F. MORGAN V. THE STATE.

No. 18971.   Delivered May 5, 1937.

The opinion states the case.

*D. F. Sanders* and *John A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor; the punishment being assessed at a fine of $100.

The complaint and information charged in substance that appellant had in his possession whisky "not contained in a container to which was then and there affixed a stamp and other valid evidence showing the payment of a tax on such liquor due to the State of Texas."

An inspector of the Liquor Control Board testified, in substance, as follows: On the 23rd of December, 1936, he went to appellant's place of business in Beaumont and requested appellant to give him permission to search his garages. Appellant replied that he might search said garages at any time .

he desired, and that he did not need a search warrant. There were a number of garages in appellant's charge, which he rented to employees of the Magnolia refinery. Some of the garages were locked and appellant was not in possession of the keys to them. Hence the witness made no effort to search them. He entered a garage which was open and in which there was an automobile. On the fender of the car were some garage keys, which appellant claimed. On the ground behind the car there was a gallon of whisky which had no stamp on it showing the payment of the tax due the State. Appellant did not own the automobile. Appellant's store was about fifty yards from the garage in which the whisky was found. There were several garages between the store and that in which said whisky was discovered. There was a beer tavern near the garage in question, which was patronized by sailors and others. There were several automobiles in the garages.

Testifying in his own behalf, appellant denied that the whisky belonged to him. He testified that he had rented the garage in which said liquor was found to one Harris and that the car in said garage belonged to a man by the name of McPherson. He testified further that he discovered that the keys found on the running board of the car did not belong to him.

The testimony of the State, as well as that of appellant, shows that the garage in which the whisky was found was open and accessible to persons other than appellant. Moreover, the testimony discloses that appellant had rented the garage to another, and that the car therein did not belong to appellant. The evidence, in our opinion, is not sufficient to exclude the reasonable hypothesis that the whisky belonged to another. Hence, we are of opinion that the judgment of conviction should be reversed.

Appellant was required to testify, over his proper objection, that in February, 1936, he had been convicted for having in his possession "untaxed liquor." This testimony should not have been received, as the conviction was for a misdemeanor not involving moral turpitude. Merriwether v. State, 116 S. W., 1148; Holmes v. State, 150 S. W., 926.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.