## LAURA FRENCH v. THE STATE.

No. 20482. Delivered October 25, 1939.

The opinion states the case.

*D. F. Sanders,* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possession of "unstamped liquor," punishment assessed being a fine of $100.00.

Appellant challenges the sufficiency of the evidence. No other question is presented for review.

Under authority of a warrant to search the premises, inspectors for the Texas Liquor Control Board found in a water tank of an outside toilet two bottles of whisky. There were no stamp taxes on said bottles. The toilet was ten or twelve feet from the back steps of the house occupied by appellant. The toilet was described as "the usual type toilet colored people use," and there were five or six toilets in one group, and several of them were locked. At the time of the search three other colored people were at the appellant's house, a man and two girls. The officers did not know whether these parties lived in the house with the appellant, and the record is silent on that point. It is not shown whether the toilet in question was locked or unlocked; neither is it shown that appellant had the exclusive use thereof. While the record is silent on the point of other houses near the group of toilets, the inference would be that such was the case. Otherwise the presence of the number of toilets would not be readily explained.

From the meager facts in the record, it occurs to us that the rule of circumstantial evidence has not been met. The evidence, in our judgment, does not exclude every other reason-

able hypothesis except the guilt of the appellant. The following cases are sufficiently similar on the facts to illustrate the reason for our conclusion: Mathis v. State, 100 Tex. Cr. R. 509, 272 S. W. 204; Curry v. State, 102 Tex. Cr. R. 572, 278 S. W. 855; Wooldridge v. State, 121 Tex. Cr. R. 255, 51 S. W. (2d) 727; Morgan v. State, 132 Tex. Cr. R. 406, 105 S. W. (2d) 234.

We concur with our State's Attorney who confesses error with the statement in his brief that "there were other parties equally situated with appellant who could have had the use and possession" of the toilet * * * "at least to such an extent as to raise an outstanding hypothesis of the guilt of another, which has not been disproven by the State."

The judgment is reversed and the cause remanded.