CHARLIE WALKER V. THE STATE.
No. 22844. Delivered May 3, 1944.

The opinion states the case.

*Jimmie Cunningham,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a sale of intoxicating liquor in a dry area, and, under allegations of two prior convictions, he was fined the sum of $400.00.

By virtue of Article 61, P. C., and allegations of two prior convictions of similar offenses, the trial court instructed the jury that they might under certain circumstances increase the penalty four times in the event of a conviction for the sale herein charged to Weldon Burney.

The complaint and information are assailed as being inadequate to support such charge upon the part of the court in that it is nowhere therein alleged in substance that after the *commission and conviction* of the oldest offense in point of time, the appellant committed the next offense in point of time, and was convicted therefor, and thereafterwards committed the third offense upon which he was then on trial. We think the complaint and information are subject to such objection in so far as the offense set forth in the third paragraph of such pleadings is concerned. Pursuant to the three allegations in such pleadings, and the proof thereunder, the trial court submitted to the jury the proposition that in the event of their belief in appellant's guilt as to the main offense herein charged, and their further belief as to his identity as the person charged in such two prior offenses, they could increase the punishment to four times that charged in the statute relative to a violation of the local option liquor law. In obedience thereto the jury assessed a penalty of $400.00, same being four times the minimum provided under the general statute as punishment for the violation of such law. In this we think the court was in error. The pleadings did not properly charge such third violation of a similar character to the main charge herein. See Mullins v. State, 144 S. W. (2d) 565; Stover v. State, 168 S. W. (2d) 871, and many cases therein cited. The pleadings should have alleged, among other things, that after the commission and conviction of the oldest offense, and prior to the charge in the present case, appellant committed the third offense. This it failed to do.

We think the allegations in the pleadings are sufficient to sustain an instruction relative to a double penalty but not a quadruple one.

The judgment is therefore reversed and the cause remanded.