LAWRENCE BOGGS V. STATE.

No. 24664. February 15, 1950.
Appellant's Motion for Rehearing Granted March 22, 1950.

*Boling, Smith & Allen,* Lubbock, for appellant.

*Lloyd A. Wicks, Jr.,* County Attorney, Crosbyton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for possessing liquor for the purpose of sale in a dry area, with a fine of $400.00 and 6 months' confinement in jail.

The record in this case is before us with a lengthy list of objections and exceptions to the court's charge; with about twenty-one special requested charges and nine bills of exception. We have examined the entire record and find ourselves unable to appraise some of the bills of exception and many of the special requested charges without a statement of facts. None is found in the record. We are of the opinion that such bills and special requested charges as are understandable, in the condition of the record, are without merit.

We find no reversible error and the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

It now appearing that a statement of facts was properly filed in the trial court and such being now before us, the case will be determined in that light.

Acting under a search warrant authorizing a search of appellant's private residence and all outhouses, peace officers found in a hen house situated about a hundred fifty feet from the two-room dwelling ten pints of whisky. It is for the possession of the whisky for the purpose of sale that appellant stands here convicted, with punishment assessed at a fine of $400 and six months' confinement in jail. Appellant was not at home at the time of the search. His wife was in the residence at that time.

Appellant did not testify. He offered testimony showing that he was in another city at the time of the search and had been for two days prior to the search.

The state introduced testimony showing that prior to the search, officers had contacted one Olen Ogle to buy some beer from him. Ogle agreed to make the sale but advised the officers that it would be necessary for him to have a little time to get it. He got into an automobile, with the officers following, and drove to appellant's premises. The officers "saw him turn off behind this house. . . . raise his trunk lid and go in and out and load some boxes." A subsequent search of the car showed that the boxes contained beer. The house from which Ogle loaded the beer into his car was the "barn or chicken house in the rear." Ogle operated a filling station, at which appellant was employed.

We agree with the appellant that the facts are insufficient to support his conviction, and that the case of Shelby v. State, 125 Tex. Cr. R. 582, 69 S. W. 2d 82, is authority supporting that conclusion.

Appellant was not at home at the time of the search and the finding of the whisky in an outhouse. There is an absence of direct testimony showing that he knew it was there or that he had any control over it. There is direct testimony that Ogle was exercising control over the outhouse and that he loaded therefrom several cases of beer. The most incriminating fact against appellant is that during his absence there was found in a hen house near his residence ten pints of whisky, out of which hen

house another party had just prior thereto loaded several boxes of beer. This is deemed insufficient to show guilt of possession of the whisky.

Appellant's motion for rehearing is granted; the affirmance is set aside; and the judgment of the trial court is now reversed and the cause is remanded.

Opinion approved by the court.