## JOHN EARL HUSKEY v. STATE.

No. 25437. December 19, 1951.
State's Motion for Rehearing Granted February 6, 1952.
Appellant's Motion for Rehearing Denied March 26, 1952.
Appellant's Second Motion for Rehearing Denied April 30, 1952.

248

Hon. Lea Boothe, Judge Presiding.

*Fred C. Chandler,* Colorado City, by *E. G. Pharr,* Lubbock, for appellant.

*James Pearson,* County Attorney, Sweetwater, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Possessing beer for the purpose of sale in a dry area is the offense; the punishment, a fine of $750 and 30 days in jail.

The search warrant authorized the search of a private dwelling alleged to have been occupied by, in charge of, and under the control of John Earl Huskey and L. L. Huskey.

Bowman and Phillips, of the Texas Liquor Control Board, made the search under the warrant. We quote from the testimony of Bowman as follows:

"On the 21st day of April 1951 I had an occasion to go out to Mr. John Earl Huskey's place which is located at 2103 East Broadway by Dit's Motel, just East of Dit's Motel.

"I arrived out there somewhere around 9 o'clock in the evening on the 21st day of April. Inspector Phillips who is one of my inspectors and myself drove out to Mr. Huskey's residence and got out of the car and went in the north side at the rear. When I walked in there were 2 or 3 boys standing there

on the inside and Mr. Huskey wasn't there, so I turned to my right and started to go through the door. Mr. Huskey's wife saw me and slammed the door in my face. I went on in and turned to my left and met Mr. Huskey and served the warrant on him. We went on to search and there were two cases of Budweiser in the bathroom and four ½ cases of beer in what I call the storeroom. In the ceiling of the garage I got eight cases —½ cases. That is a total of twelve cases of beer, containing 12 oz. cans, twenty four cans to a case.

"We also found two pints of whiskey and two ½ pints on the bed in the bedroom. One ½ pint was in the lady's purse and the rest on top of the bed, just laid out."

It will be noted that the witness did not differentiate or designate the "Mr. Huskey" there referred to—that is, whether that person was or was not the appellant or L. L. Huskey. Upon cross-examination, the witness testified:

"I saw Mr. John Huskey and his wife and another lady, I don't know for sure now who the other lady was who was there, at the place after I got there. I didn't know the boys where I saw them. The woman was in the same room with the other woman. That was in the bedroom where I turned to the right. That was where I found the beer."

The above and foregoing is all the testimony showing or tending to show occupancy or control by appellant of the residence searched and the intoxicating liquor found therein.

There is an absence of any testimony showing that appellant was actually occupying and residing upon the premises as his place of residence. Others were shown to have been present having equal opportunity with appellant for possessing the intoxicating liquor.

Len Huskey's wife testified that she and her husband lived in and occupied the residence searched and had resided therein for approximately three months prior to the search. She admitted that the beer and whisky found as a result of the search belonged to her husband. She denied that appellant lived in, occupied, or had any control of the residence searched or of the intoxicating liquor found by the searching officers. She testified that appellant and his wife moved from the residence at the time she and her husband moved in and that at the time of the search warrant appellant resided at another and different place.

The testimony of this witness was not directly contradicted by the state.

It is insisted that in the light of this testimony, as well as that of the state showing equal opportunity for others than the appellant to possess the beer and whisky found by the officers, the burden was upon the state to show appellant's possession —that is, the exercise by him of the care, control, and management of the liquor at the time—and to disprove the outstanding hypothesis of the guilt of others.

The rule appellant thus invokes is that in cases of this character where the evidence shows an opportunity for another or others to possess the liquor charged to have been possessed by the accused, the state's case to be sufficient to convict upon circumstantial evidence must disprove such outstanding hypothesis. Mathis v. State, 100 Tex. Cr. R. 509, 272 S. W. 204; French v. State, 137 Tex. Cr. R. 500, 132 S. W. 2d 407; Wooldridge v. State, 121 Tex. Cr. R. 255, 51 S. W. 2d 727; King v. State, 90 Tex. Cr. R. 289, 234 S. W. 1107; Shelby v. State, 125 Tex. Cr. R. 582, 69 S. W. 2d 82; Curry v. State, 102 Tex. Cr. R. 572, 278 S. W. 855; Belson v. State, 103 Tex. Cr. R. 106; 280 S. W. 209; Maddox v. State, 240 S. W. 2d 319.

We are constrained to agree that the instant facts fall within the rule stated, and that the state failed to disprove the outstanding hypothesis showing the possession not only of the residence but also the intoxicating liquor found by the officers to be in Len Huskey and his wife.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

The offense is possession of beer in a dry area for the purpose of sale; the punishment, 30 days in jail and a fine of $750.00.

The state has challenged our consideration of the statement of facts and bills of exception.

Notice of appeal herein was given on May 23, 1951. The thirty days provided for the filing of statement of facts and bills of exception expired on June 23, 1951.

On July 9, 1951, the trial court attempted to grant an extension of 60 days from and after May 23, 1951, by a nunc pro tunc order. This question has often been decided by this court.

"The judge has no authority to direct a nunc pro tunc filing of bills or a statement after the time limited for filing them has expired, or to approve a statement nunc pro tunc, after expiration of the time for filing it."

See also cases cited in Texas Digest, Crim. Law 1099(9).

The state's motion for rehearing is granted; the original opinion is withdrawn; the judgment of reversal is set aside; and the judgment of the trial court is now affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion in this cause asking that a rehearing be granted, that both opinions heretofore entered be withdrawn, and that the appeal be now dismissed.

As grounds for this motion it is alleged that the judgment entered of record is fatally defective in that it does not contain the jury's verdict. The clerk of the trial court has given a certificate under seal to the effect that the original judgment filed in his office contains the jury's verdict and that a true copy of the original papers was forwarded with the transcript to the clerk of this court, but that the same is not a true copy of the judgment as recorded in the minutes of the county court of Nolan County. He further attaches a duly authenticated copy of the judgment as filed.

Apparently appellant relies on this as a supplemental transcript because we could not consider the matter in any other manner. A supplemental transcript may not be brought to this court by appellant's brief or appellant's motion and we are not permitted to take cognizance of the matters attacked in the form hereinabove set out. The only way in which the transcript may be explained, modified, or in any way affected would be by supplemental transcript duly made and forwarded by the clerk of the trial court direct to the clerk of this court.

Being unable to consider the question raised, appellant's motion for rehearing and for dismissal is denied.

### ON APPELLANT'S SECOND MOTION FOR REHEARING.

WOODLEY, Judge.

It is now shown by supplemental transcript that the judgment as entered in the minutes of the trial court does not contain the verdict of the jury. Appellant again moves for rehearing and dismissal of the appeal because of the absence of a verdict in the judgment as entered in the trial court.

Appellant directs our attention to Art. 766, C.C.P., which provides that a judgment must be entered of record and must contain, "8. The verdict" and relies upon Wheeless v. State, 142 Tex. Cr. R. 68, 150 S. W. (2) 806, as holding such a judgment to be insufficient and not subject to correction in this court.

Art. 766 is found in Chapter 3 of the Code of Criminal Procedure "Judgment and Sentence 1. In cases of felony." Arts. 783 and 784, C.C.P., are found in the same chapter under the heading, "2. Judgment in misdemeanor cases." These articles, and not Art. 766, C.C.P., control here.

We know of no statute applicable to misdemeanor convictions requiring that the verdict be shown in the judgment as entered, and the record showing that a verdict was in fact returned and became the basis of the judgment as actually rendered, we overrule the contention that this appeal must be dismissed for lack of a sufficient final judgment.

Appellant's second motion for rehearing is overruled.

Opinion approved by the court.