JOHN EARL HUSKEY V. STATE

No. 25651. February 6, 1952.

Hon. Lea Boothe, Judge Presiding.

*Croslin & Pharr*, by *E. S. Pharr*, Lubbock, for appellant.

*James Pearson,* County Attorney, Sweetwater, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The complaint and information charged possession of whisky and beer in a dry area for the purpose of sale, two prior convictions being alleged for the purpose of enhancing the punishment. Upon a jury trial, appellant was convicted and his punishment assessed at a fine of $400.00.

The sufficiency of the evidence is challenged. The premises searched is referred to as "Highway 80 Club," and appears to be the same premises searched a week previously, the evidence obtained becoming the basis for the complaint in another prosecution brought to this court in Huskey v. State, No. 25,437, 248 S.W. (2d) 131.

The place searched was referred to as "Mr. Huskey's place" by the searching officer who testified also, "I walked in the door and handed Earl the search warrant, and I says to him, 'Have you got anything?' and he says, 'You are not kidding.'" The search resulted in the finding of 13½ cases of beer, 5 half-pints and 3 pints of whisky.

Appellant did not testify but offered evidence to the effect that he did not occupy the premises searched as a residence, but was there at the time of the search visiting his brother who lived there. We are inclined to view the reply of appellant to the officer's question above quoted, as did the county attorney in his argument, that is, as an admission that he possessed the beer and whisky found by the officers. We think the jury was warranted in finding that the "Mr. Huskey" referred to by the officer in his testimony was appellant, John Earl Huskey, and not the brother Lynn Huskey. Being recalled, this witness described those present at the time of the search as "Steve Wells, Mr. and Mrs. Huskey and wife, and Lynn Huskey." He said Lynn Huskey is the brother of the defendant.

From the verdict it is apparent that the jury accepted the state's version as to the possession and control of the beer and whisky, and the purpose of such possession, and declined to accept the defense testimony to the effect that Lynn Huskey was in control of the premises and the liquor found there. The

evidence is sufficient to sustain such verdict, and no reversible error appears.

The judgment is affirmed.