## ROY BROCK V. STATE

No. 27,917. January 11, 1956

*Magee, Gernsbacher & Magee,* Galveston, for appellant.

*Marsene Johnson, Jr.,* District Attorney, *Jules Damiani, Jr.,* Assistant District Attorney, Galveston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of a narcotic drug; the punishment, two years in the penitentiary.

The state's case grows out of a search of certain premises in the city of Galveston known as the Red Top Cafe in which officers found eight capsules in a room which was referred to in the testimony as a storeroom or washroom. These capsules were shown to contain heroin.

Appellant admitted that he was manager of the cafe on the day of the search and had been for about two years.

The record reflects that the appellant was not present when the officers arrived and that the place was in charge of his bartender, but that he came to the premises before they had completed the search.

The evidence shows that the capsules were in a vial which was wedged between a shelf and door facing in a room leading off from the main barroom, the entrance to which was through a doorway just opposite the end of the bar. Officer Kline testified that on the day of the search, the doorway to the room was covered with a curtain and that he entered by pushing it aside.

The testimony and a photograph taken of the room after the search shows that in one corner there was a double kitchen sink with two hydrants over it; that on the wall above the sink was a mirror and also a paper-towel rack, and on the wall to the right thereof was the shelf on which the capsules were found.

Appellant denied having ever seen the capsules before the search and testified that the room where they were found was frequently used by his customers, including seamen and taxicab drivers for the purpose of shaving, washing and cleaning up; that during the time he had managed the place there were from two to ten people who used the room every day.

In support of his contention that the room was frequently used by others, he offered testimony of two seamen and two taxicab drivers, who testified that they had used the room on numerous occasions to wash up and shave and that they had seen many others use the room for the same purpose. A witness, who had been a janitor at the place, testified that he had used the room to wash up and shave, and had seen lots of people use it for the same purpose. Appellant's bartender testified that he had worked for the appellant for about three years, and that during the time he had worked at the place he had used the room for the purpose of shaving and cleaning up and had seen lots of other people use it.

This evidence as to the use of the room in question is not disputed.

The court submitted the issue of appellant's guilt to the jury

under a charge on circumstantial evidence, and instructed the jury to acquit him if they believed that some person placed the heroin in the appellant's place of business and that he had no knowledge thereof, or did not exercise possession of the alleged heroin, knowing it to be heroin.

Appellant contends that the evidence is insufficient to support the conviction and we are constrained to agree with this contention.

A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused; and proof amounting only to a strong suspicion or mere probability is insufficient. Branch's Ann. Texas P.C., p. 1042, sec. 1877; Reed v. State, 113 Texas Cr. R. 412, 22 S.W. 2d 456; Cloyd v. State, 133 Texas Cr. R. 519, 112 S.W. 2d 1055; Gonzales v. State, 143 Texas Cr. R. 48, 156 S.W. 2d 988; Walker v. State, 147 Texas Cr. R. 243, 179 S.W. 2d 971; Williamson v. State, 156 Texas Cr. R. 520, 244 S.W. 2d 202.

In cases of this character, involving the possession of liquor, it has been held that where the evidence shows an opportunity of another or others to possess the liquor alleged to have been possessed by the accused, the state's case, to be sufficient to convict upon circumstantial evidence, must disprove such outstanding hypothesis. Mathis v. State, 100 Texas Cr. R. 509, 272 S.W. 204; Belson v. State, 103 Texas Cr. R. 106, 280 S.W. 209; Wooldridge v. State, 121 Texas Cr. R. 255, 51 S.W. 2d 727; French v. State, 137 Texas Cr. R. 500, 132 S.W. 2d 407; Peters v. State, 142 Texas Cr. R. 146, 151 S.W. 2d 592.

Under the testimony showing that others besides the appellant used the room where the capsules were found, a reasonable hypothesis was created that they could have possessed the capsules as well as the appellant. Such outstanding hypothesis of their guilt is not shown to have been disproved by the evidence, and, therefore, appellant's conviction upon circumstantial evidence cannot be sustained.

In the event of another trial the court should not permit the state, upon cross-examination of the appellant, to show that at the time of the search he was at a tourist court with some woman other than his wife.

Because of the insufficiency of the evidence to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the court.