HUBERT ANDREW HILTON V. STATE.

No. 30,652. May 13, 1959.

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful possession of whisky and vodka in a dry area for the purpose of sale; the punishment, a fine of $400.

The sufficiency of the evidence to sustain the conviction is challenged.

The state's evidence shows that the appellant operated a grocery store at 1701 Avenue D in the city of Lubbock, the store being located in the front of the building and the building behind containing three apartments. The grocery store and the first apartment were connected by a door but there was no other inside door connecting the other apartments. On the day in question two liquor agents, armed with a search warrant, went to the address to search for intoxicating liquors. When they arrived appellant was behind a counter in the store waiting on a customer and after serving appellant with a copy of the warrant the officers proceeded to search the building. From the store the officers entered the first apartment where they found the appellant's mother lying on a bed and another lady in the apartment with her. After searching the first apartment the officers then went outside to the last apartment at the back of the building which was found to be locked, at which time one of the officers returned to the store and asked appellant for the key, to which he replied "I don't know anything about that back room." The officers proceeded to enter the back apartment which appeared to be unoccupied by pushing open the door, and in the search which ensued they found in a concealed compartment a quantity of intoxicants.

Appellant, testifying in his own behalf, stated that he operated the grocery store in the front of the building and did use the first apartment behind the store part of the time for living quarters, but that he was not in charge of the apartments in the back of the building. Appellant denied having anything to do with putting the liquor in the back apartment or having any knowledge that it was there.

Appellant's mother, Mrs. Tom B. Hilton, testified that the building in question was owned by herself and her husband; that appellant ran the grocery store in the front of the building and did use the first apartment behind the store when it was not

rented but that appellant did not have control of any other part of the building. She testified that she, had charge of the rental of the apartments back of the grocery store and that on the day in question the apartment in the back where the liquor was found was rented to one G. D. Crowbarr for a furniture repair shop. A written instrument which Mrs. Hilton testified she and Crowbarr had executed as a rental contract on the apartment was admitted in evidence.

The witnesses Frank J. Matura and Ralph Ferrell, upon being called by the appellant, testified that prior to the date the whisky in question was seized they had each gone to the apartment in the back of the building and purchased a half-pint of Hiram Walker whiskey from a man known as Crowbarr.

In submitting the case to the jury the court charged upon the law of circumstantial evidence.

In Walker v. State, 147 Texas Cr. Rep. 243, S.W. 2d 971, this court, in quoting from Rice v. State, 122 Texas Cr. Rep. 64, 53 S.W. 2d 629, 631, said:

"A conviction on circumstantial evidence cannot be sustained unless the circumstances proven exclude every other reasonable hypothesis except that of the guilt of the accused. Proof that only amounts to strong suspicion or mere probability is not sufficient to support a conviction. Branch's Ann. P.C. section 1877; Hernandez v. State, 72 S.W. 840. There must be evidence overcoming the presumption of innocence and excluding every other reasonable hypothesis except the guilt of defendant. Branch's Ann. P.C., section 1877; Hernandez v. State, supra; Pogue v. State, 12 Texas App. 283; Hogan v. State, 13 Texas App. 319; Clifton v. State, 39 Texas Cr. Rep. 619, 47 S.W. 642."

In Peters v. State, 142 Texas Cr. Rep. 146, 151 S.W. 2d 592, the rule is stated that in cases of this character:

"where the evidence shows an opportunity or equal opportunity of another or others to possess the liquors charged to have been possessed by the accused, the State's case, to be sufficient to convict upon circumstantial evidence must disprove such outstanding hypothesis. Such rule is complied with, however, when the facts show that such other person or persons exercised no control over, or possession of, the liquors, and had no opportunity to do so. Stewart v. State, 127 Texas Cr. Rep.

147, 74 S.W. 2d 1003; McCarty v. State, 123 Texas Cr. Rep. 34, 57 S.W. 2d 114."

The proof, in our opinion, falls short of that which is required to convict on circumstantial evidence.

There is no evidence that the appellant exercised any actual care, control or management of the liquor in question. Appellant was not shown to have been any closer than 90 feet to the liquor, which was the distance from his grocery store to the back apartment. It was not shown that appellant had a key to the apartment where the liquor was found and his exculpatory statement made to the officers was that he knew nothing about the apartment. Appellant's mother and the other woman who were in the first apartment when the officers searched the premises were closer to the liquor than was the appellant. Under the evidence they were shown to have had as equal an opportunity to possess the liquor as the appellant. It is not shown that they did not possess the whiskey. The testimony of Mrs. Hilton affirmatively shows that she exercised control over the apartment where the liquor was found. The only testimony that appellant exercised any control over the apartment is that of the witness Matura on cross examination when, after testifying that he bought groceries from the "Hiltons," he stated that he knew the appellant "to run that place down there" and when asked "You know him to be in charge of it all, don't you" answered "Well, him and his father." His testimony was too indefinite to warrant a conclusion that appellant was in control of the apartment in the back of the building with his father where the whisky was found.

The evidence, viewed in its most favorable light to the state, is insufficient to overcome the presumption of innocence and exclude every other reasonable hypothesis except that of appellant's guilt. For authorities in support of our conclusion reached herein see French v. State, 137 Texas Cr. Rep. 500, 132 S.W. 2d 407; Maddox v. State, 156 Texas Cr. Rep. 151, 240 S.W. 2d 319, and Brock v. State, 162 Texas Cr. Rep. 339, 285 S.W. 2d 745.

Because of the insufficiency of the evidence the judgment is reversed and the cause remanded.