HILL CASEY V. THE STATE.

No. 8141.   Decided April 30, 1924.

Rehearing denied October 22, 1924.

1.—Possession of Intoxicating Liquor—Evidence—Attacking Credibility of Witness.

When the credibility of a witness is attacked, by showing that he had formerly been convicted of theft, it is then permissible to prove his general reputation for truth and veracity.  See Coombes v. State, 17 Tex. Crim. App., 264;  Farmer v. State, 35 Tex. Crim. App., 270;  Luttrell v. State, Tex. Crim. App., 659.

2.—Same—Rehearing—Evidence—Premises—Ownership.

We are not of the opinion that it is a requisite to show that accused was the owner, or that he had any legal title to the premises on which contraband liquor may be located, in order to show this guilt of possession of same for purposes of sale.

Appeal from District Court of Williamson County.   Tried below before Hon. James R. Hamilton, Judge.

Conviction for possession of intoxicating liquor; penalty, two years in the State penitentiary.

*J. F. Taulbee,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Williamson County of possessing intoxicating liquor for purpose of sale, and his punishment fixed at two years in the penitentiary.

The evidence supports the verdict.   A State witness went to appellant and asked him if he had any whisky, to which he replied, "Lot's of it."   He then took witness to a near-by place and showed him a quantity of whisky which he tried to sell witness at a certain price per gallon.

The State witness was asked on cross-examination by appellant if he had not been convicted of theft and admitted that when a boy he had been so charged and had pleaded guilty.   The State thereafter placed on the stand three witnesses who testified to the good reputation of said witness for truth and veracity.   This was proper.   Coombes v. State, 17 Texas Crim. App., 264; Farmer v. State, 35 Texas Crim. Rep., 270; Luttrell v. State, 40 Texas Crim. Rep., 659.

There are two other bills of exception in the record neither of

which raises any point deemed tenable by us, or a discussion of which would be of any advantage.

The judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant seems to be of the opinion, as set forth in his motion, that the evidence for the State did not sufficiently show him to be in control and management of the liquor in question, chiefly because it is contended that it failed to show him in the care, management and control of the premises on which the liquor was located. We are not of the opinion that it is a requisite to show that the accused was the owner or that he had any legal title to the premises on which contraband liquor may be located, in order to show his guilt of possession of same for purposes of sale. In this case appellant carried the State witness down into a pasture where he showed said witness eight or ten jars of whisky and said that he had it to sell. There was no testimony offered combating the proposition advanced by the appellant, viz.: that the liquor was his and that he had it for sale. In our judgment this sufficiently showed him in possession of the liquor and also the purpose of his possession.

In bill of exceptions No. —— appellant complains of an alleged error of the judge in the matter of the selection of the jury. We have examined this and the other error complained of and are of opinion that neither present reversible error, and the motion for rehearing is overruled.

*Overruled.*