HAWKINS, Judge.
 

 Conviction is for the possession of intoxicating liquor for the purpose of sale; punishment, one year in the penitentiary.
 

 No objection was made to the charge of the court, and no bills of exception appear in the record save one raising the question of the insufficiency of the evidence.
 

 An officer with a search warrant went to appellant’s premises. He found in a chicken yard which joined the yard of appellant’s dwelling house a fifty gallon barrel of corn mash buried. The top of the barrel was about a foot under the ground with tin over it to keep the dirt out. Under the dwelling house was found a fifty pound lard can with a lid over it and a hole in the lid. A pipe and cooling trough were found in the corner of the yard to the dwelling house. Near the back gate in a “little clay hole” a coil was found. Prom a small boy of appellant’s the officer received information which caused him to follow a trail out the back way from the dwelling house through a cane patch about a hundred yards from the house where he found a two gallon jug of home-made whiskey. The defendant was not at home at the time. He was found that night some twelve or thirteen miles from there at what is called the ‘ ‘ Kirby Camp.” He was sitting by a pine knot fire where there were some half dozen negroes. He had been at home a few days before the search. No one lived at the place except the defendant, his wife and nine year old boy. Defendant denied having used the equipment found at his place in making whiskey, or of having placed the jug of whiskey at the point where it was found by the officer.
 

 The court properly instructed the jury that the case was one in which the state relied upon circumstantial evidence. ,We do not feel called upon to disturb the finding of the jury, believing ’the evidence authorized the conclusion reflected by the verdict.
 

 The judgment is ordered affirmed.
 

 Affirmed.