## Frank Heeter v. The State.

No. 9814. Delivered February 10, 1926.

Rehearing denied the State March 17, 1926.

### 1.—Possessing Intoxicating Liquor—Evidence—Held Insufficient.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale the evidence discloses that appellant's premises were searched by officers, and therein was found a number of little fruit jars, some of which had the odor of whiskey and some a small quantity of whiskey amounting in all to about half a pint. The evidence also disclosed the finding of four gallons of whiskey in a corn field near appellant's home, but the evidence that the four gallons was in his possession is not of so cogent and conclusive a character as our law demands, and we cannot agree that his conviction was warranted.

#### ON REHEARING BY STATE.

### 2.—Same—Misconduct of Prosecuting Attorney—Held Reversible Error.

Where, during the progress of the trial the control of land on which the officers found four gallons of whiskey near appellant's home was being investigated, the State's Attorney, in objecting to the cross-examination of witness by appellant's counsel, in the presence of the jury, said "This defendant is here, if he wants to testify to the fact that his premises were subrented," at which point he was interrupted, such remark was an allusion to appellant's failure to testify, and constitutes a reverisble error.

### 3.—Same—Argument of Counsel—Alluding to Failure to Testify—Held Error.

Where there was no eye-witness to the transaction except the officer who testified, and the appellant, the statement of prosecuting attorney in his argument "that the defendant introduced no evidence that the whiskey was not possessed for sale and did not rebut by any evidence the testimony of the State," could not fail to impress the jury as an allusion to the fact that appellant had failed to testify in his own behalf, and was in contravention of Article 710, Revision of 1925, and clearly within the rule announced in Boone v. State, 90 Tex. Crim. Rep. 374.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*W. E. Myres* of Fort Worth, for appellant.

*Jewell L. Baldwin,* County Attorney, Johnson County; *Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year.

The dwelling of the appellant was searched and there were found therein a number of little fruit jars. Some of these had the odor of whiskey and some contained a small quantity of whiskey, amounting in all to about half a pint. No other whiskey was found in the physical possession of the appellant. Some distance from his house, in the cornfield, which, according to the State's evidence, was in possession of the brother of the appellant, who lived about three-quarters of a mile distant, there were found four gallons of whiskey. In another locality there were some barrels of mash. On the appellant's premises there were found a sack of sugar and chops. There were tracks of children and men in the cornfield and near where the whiskey was found. The tracks apparently led towards the dwelling of the appellant. At the time of the search, no members of the appellant's family except himself were at home. The State's evidence showed that appellant had some children. Where they were is not disclosed, nor how long they had been away.

The possession of the small quantity of whiskey in the house of the appellant was not shown to be unlawful. It was not sufficient in quantity to come within the statute declaring the possession of more than a quart of whiskey to be prima facie evidence of an unlawful intent.

The circumstances touching the whiskey found in the cornfield are not deemed of such cogency as to show, beyond a reasonable doubt, that it was in the possession of the appellant. See Sterrett v. State, 98 Tex. Crim. Rep. 423.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State, through Hon. Jewell L. Baldwin, County Attorney of Johnson County, has filed a motion for rehearing insisting that we were in error in reversing the judgment upon the ground that the evidence was

insufficient to support the conviction, and cites in support of his contention Miller v. State, 267 S. W. 487; Simmons v. State, 270 S. W. 852; Casey v. State, 265 S. W. 150. These authorities are believed to be much in point under the facts disclosed by the record. Sterrett v. State, 98 Tex. Crim. Rep. 423, 265 S. W. 1034, cited in our original opinion may be distinguished upon the facts from the present case. Sterrett appears not to have been at his home at the time the whiskey was discovered and was only there at intervals, spending most of his time at Fort Worth in another county in the contracting business. The testimony in that case showed that accomplice witnesses made the whiskey and had it in their possession. In the present case the facts disclose that in addition to the small amount of whiskey found in the containers in appellant's house and the finding of a hundred-pound sack of sugar and a hundred-pound sack of chops therein, that some thirty-five feet west of appellant's house near a well were found two barrels in one of which was a small quantity of mash; that near these barrels was a funnel containing cotton which was saturated with corn whiskey. In front of appellant's house were two cornfields officers found four and a half gallons of corn whiskey. A with a cotton field between them. In one of these fields between fifty and seventy-five yards from appellant's house the man's tracks and some children's tracks led from appellant's house to this point and back. Appellant had some children. There were no tracks leading away from this whiskey in any other direction save that some led to a point in the other cornfield where were found three barrels containing mash. Tracks were also found leading from appellant's house to this latter point. None led away from there in any other direction. The nearest residence of other parties was some three-quarters of a mile from where the whiskey and mash were found. Appellant was present at the time the officers made the discoveries mentioned, but there seems to have been no effort made to fit the shoes of appellant in the tracks found going to and from the whiskey or the barrels of mash nor measurements made of the tracks in comparison with appellant's shoes, nor any further effort to identify the tracks as those of appellant or of his children other than as shown by the circumstances related. It may be admitted that the case is upon close lines and the court may have been in error in basing the reversal upon the facts which may be more fully developed upon another trial, should one be had.

Complaint is made of reference in argument to the failure of appellant to testify. This was not discussed in our original opinion. This complaint must be sustained and calls for overruling the State's motion for rehearing, without further reference to the evidence. The matter complained of arose in thiswise. While one of the State's witnesses was testifying it was elicited on cross-examination that he did not know that appellant's brother was cultivating the land upon which the four and a half gallons of whiskey had been found, but had appellant's word for it that he had rented this land and then subrented it to his brother. At this point in the cross-examination State's Attorney objected that such testimony was hearsay and said, "This defendant is here, if he wants to testify to the fact that his premises were sub-rented," at which point he seems to have been interrupted by exception taken by counsel for appellant, one ground of which was that the statement made by the State's Attorney in the presence of the jury was a comment on appellant's right to testify. By another bill it is shown that appellant did not testify but that during the argument of State's Attorney he said "that the defendant introduced no evidence that the whiskey was not possessed for sale and did not rebut by any evidence the testimony of the State." The bill recites that no other parties were present at the time the raid was made save the officers and appellant. The officers testified for the State. It is contended that it is affirmatively shown by the evidence that appellant was the only one who could contradict the testimony offered by the State and the only person who could testify that the whiskey was not possessed for sale, and was therefore an allusion to his failure to testify. If we understand the record, counsel for the State in his argument had assumed that the whiskey found in the cornfield had been shown to be in the possession of appellant and therefore under the statute (Art. 671, P. C., 1925) was prima facie evidence that he possessed it for the purpose of sale. In view of the statements first made, in effect, that appellant "was present and could testify" we are at a loss to understand how the jury could have appropriated the subsequent argument that appellant had introduced no evidence to show that "it was not possessed for sale" other than as referring to the failure of appellant to testify in regard to the matter. It appears to bring the case clearly within the rule announced in Boone v. State, 90 Tex. Crim. Rep. 374, 235 S. W. 580.

We think the argument was in contravention of the statute (Art. 710, Revision 1925) prohibiting allusion or comment by counsel to the failure of a defendant to testify and called for a reversal.

The State's motion for rehearing will be overruled.

*Overruled.*