## LEE BIGGERSTAFF V. THE STATE.

No. 16435.    Delivered February 21, 1934.
Reported in 68 S. W. (2d) 498.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

We find a bill of exceptions complaining of certain questions asked of a defense witness by the state's attorney on cross-examination, the objection to which was that by such questioning the said state's attorney made a direct attack upon appellant for not taking the stand and denying the sale of the half gallon of whisky in question. The bill referred to further recites that said state's attorney was permitted, in the presence of the jury, to ask several questions along said line, and to argue with the witness regarding the inquiry mentioned. Examination of the bill shows that while Hollingsworth, the defense witness referred to, was being cross-examined by the state's attorney, he was asked this question: "If you were charged with selling half a gallon of liquor to that fellow James, do you know of anybody that would be in a better position to get on the witness stand and deny that fact than you yourself would be?" The witness replied: "I don't know, sir." The state's attorney then again asked: "Do you know anybody— if you yourself were charged with having sold me half a gallon of whisky, do you know of anybody that could get on the witness stand and say you did not do it better than you could?"

This was objected to, and the state's attorney made the following statement: "The gentleman seems to be fair and I would like for the jury to have the benefit of his reaction to the accusation against him." This was again objected to and exception taken, whereupon the state's attorney again asked the question as follows: "I will ask the question again, Mr. Hollingsworth. You understand I am just assuming this and there is no implication whatever of any wrongdoing on your part; if you were charged with having sold me half a gallon of whisky in this court before this jury, do you know of anybody that could tell that jury better than you could whether you sold it to me or not?" to which the witness replied: "No, sir; I don't believe there is." All of this was objected to upon the grounds above stated. Examination of the record discloses that the state introduced Mr. James as a witness, who testified that he bought a half gallon of whisky from appellant. The trial court explains or qualifies this bill of exceptions with the statement that at the time Hollingsworth was testifying the case had not been closed, and it could not be known whether appellant was going to take the stand or not.

Our statute, article 710, C. C. P., expressly forbids any reference or allusion to the failure of the defendant to testify. Many instances of reversals by this court for violations of the mandate of this statute will be found in the notes under article 710, Vernon's C. C. P. We are unable to bring ourselves to believe but that the matters above recited necessarily called the attention of the jury to the failure of the defendant to get on the stand and explain his sale of the whisky to James.

There is another matter to which we refer. In appellant's motion for new trial he set up the fact that the jury received evidence after their retirement. The affidavits of three jurors were appended, and were introduced in evidence upon the hearing of the motion. Said affidavits recited that one of the jurors,—in the jury room, and in the presence and hearing of the three affiants, and before a verdict had been agreed upon,—stated that he was well acquainted with defense witness Taylor, and that Taylor was a bootlegger, and known by him to be such; also that defense witness Bacon had been indicted for bootlegging; also that defense witness Atwood had been indicted for bootlegging. The three affiants stated that said juror told them that he personally knew these facts, and it was after these statements were made that they agreed to a verdict of guilty. The state replied to this effort of appellant by filing an affidavit sworn to by all members of the trial jury, that before a verdict of guilty had been returned the jury decided to discard

and hold for naught the testimony of the state witness James, and also the testimony of defense witnesses Bacon, Taylor and Atwood, who had been used by the defense for the purpose of impeaching James, and that after this decision the jury proceeded to discuss and decide the case without regard to the testimony of said witnesses. This is rather an unusual proceeding, and one which this court would not feel inclined to sanction. It would be dangerous for us to approve such a proceeding, where witnesses have testified in court upon a trial, and then in a jury room after retirement statements are made reflecting upon these witnesses, and the effect of this be met and overcome by showing that the jury agreed to discard the testimony of these witnesses, as well as a witness whose testimony was contradictory to theirs. Since the case will be reversed for the reason first mentioned, we will not predicate a reversal upon the matter just discussed, but we might do so if it was necessary.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*