ROBERT W. REED v. THE STATE.

No. 22615. Delivered November 10, 1943.
On Motion to Reinstate Appeal January 5, 1944.
Rehearing Denied February 23, 1944.

42

The opinion states the case.

*Z. D. Allen,* of Wichita Falls, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, three years in the state penitentiary.

Notice of appeal to this court appears in this record only as a "Docket Notation." There is nothing to show that notice of appeal was entered of record in the minutes of the court.

Art. 827, C. C. P., requires that notice of appeal be given in open court and "having the same entered of record." The term "entered of record" means entered of record in the minutes of the court. Authorities supporting the rule stated are numerous and will be found collated under Art. 827, Vernon's Annot. C. C. P.

The absence of a proper notice of appeal deprives this court of jurisdiction in this case.

The appeal is dismissed.

The foregoing opinon of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

DAVIDSON, Judge.

It now appearing that notice of appeal was properly given and entered, the appeal is reinstated and the case is considered on its merits.

According to the State's testimony, appellant, without justification or excuse, attacked the injured party, cutting him several times with a knife. Among the injuries inflicted were wounds on the side of the face and behind the ear. Several stitches were necessary to close the face wound. As a result of the injuries inflicted, the injured party was confined in a hospital for four weeks. There was no direct testimony that the injured party did anything to provoke or to justify the attack. He denied striking or cutting the appellant.

The appellant did not testify as a witness in his own behalf. He proved, by witnesses, that, after the difficulty, he had a cut wound on his left arm, and stated that he had been cut. As to this, one of the witnesses testified:

"The defendant spoke about being cut but he was not complaining about it."

No witness testified that appellant claimed that the injured party cut him. How or by whom the appellant was cut the record does not reflect.

During the cross-examination of the injured party, appellant sought to exhibit to the witness—and, therefore, to the jury—a scar on his arm (the bill of exception does not reflect which arm), in connection with a question propounded to the injured party as to whether or not he cut the appellant. The State's objection to the exhibition of the scar was sustained. Appellant insists that such action of the trial court constituted an undue limitation upon his right of cross-examination of the witness.

The mere fact that appellant had a scar on his arm did not authorize him to exhibit it to the witness nor to the jury. There was no testimony showing, or tending to show, that the scar was

the result of a wound received by appellant during the difficulty. There is an entire absence of any facts showing that the scar was relevant or material to any issue in the case—to say nothing of the fact that appellant did not offer himself as a witness in the case.

In connection with, and as a part of, the objection to the exhibition of the scar on appellant's arm, State's counsel said:

"We object to this question. He said that he didn't know who cut him on the arm. If they want to put him on the stand it will be all right. He said he didn't know anybody cut him on the arm, and now he's trying before the jury to pull his sleeve down without any evidence showing he's cut anywhere."

Appellant objected to this statement as being a reference to his failure to testify, and as calling upon him to testify as a witness in his own behalf. The objection was sustained, the statement was withdrawn, and the jury was instructed not to consider it. It is insisted that it constituted prejudicial error nevertheless. Whether the statement was or was not reference to appellant's failure to testify is immaterial. Appellant, by his own conduct in seeking to exhibit, to the jury, a scar on his arm, without testifying relative thereto, invited the situation. Moreover, the statement of State's counsel was made as, and in the nature of, an objection and at a time when it was not known that appellant would not testify as a witness in his own behalf. Under such circumstances, the statement was not erroneous. Deal v. State, 99 Tex. Cr. R. 385, 268 S. W. 746; Gatlin v. State, 72 Tex. Cr. R. 516, 163 S. W. 428; Johnson v. State, 139 Tex. Cr. R. 279, 139 S. W. (2d) 579.

It appears that appellant was permitted, without objection by the State, to prove that, at the time of trial, he was then, and had been continuously since the commission of the alleged offense, confined in jail, covering a period of about six weeks. In arguing the case to the jury, appellant's counsel sought to argue such fact upon the question of the amount of punishment to be assessed. The State's objection to such argument was sustained. Appellant insists that reversible error is reflected thereby.

Under the provisions of Art. 768, C. C. P., as amended, the trial court, in passing sentence after conviction, may, at his discretion, credit the accused with the time he has served in jail awaiting trial. Such is not within the province of the jury. We fail to see wherein appellant was injuriously affected by the trial court's ruling.

Finding no reversible error, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, re-asserts his original contention that Bills of Exception Nos. 1 and 11 reflect reversible error and that this court erred in affirming the judgment of the trial court. We have again reviewed the record in the light of appellant's contention but remain of the opinion that the case was properly disposed of. We think that the question here presented was settled by the case of Johnson v. State, 139 Tex. Cr. 279, 139 S. W. (2d) 579. The case of Biggerstaff v. State, 68 S. W. (2d) 498, is distinguishable from the instant case on the facts.

The motion is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.