Boyce Monroe **CARLEY**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 37765.

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Rehearing Denied March 31, 1965.

Billy C. Powell, J. Robert Harris, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and W. Louis White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder without malice under Article 802c Vernon's Ann.P.C.; the punishment, two years.

Mrs. Brock, wife of one of the deceaseds, and her sister, Mary Wellman, testified that after midnight on the night in question they received a call from her husband and drove to Crosby to deliver some gasoline to his truck, that her husband and his companion siphoned some gasoline from the tank of Mrs. Wellman's Ford, placed it in the truck, and they followed the truck on into Houston. After reaching the city limits the truck ran out of gasoline again and while the men were siphoning more gasoline and while the lights of the Ford were on and blinking a left turn, suddenly something out of the dark collided with the rear of the Ford which was parked immediately behind the truck. Upon extricating themselves from the damaged Ford, they saw appellant as he got out of his automobile immediately to their rear and staggered up to them saying "what's going on around here?" When he was asked to do so, appellant returned to his Chevrolet and turned on its lights. One of the women testified that when they discovered that both men had been killed, appellant had said, "It's not the dead we should worry about. It is the living." Both women testified that appellant smelled of alcohol, staggered when he walked and spoke with a thick tongue and expressed the opinion that he was intoxicated.

Accident Investigator Young testified that when he arrived at the scene he asked appellant "Who was driving this car at the time of the accident?", and appellant replied, "I was. And I wish you could tell me what happened." He stated that he found a truck and two automobiles had been involved in a collision on the shell shoulder of the road and the Ford had sustained severe damage in the rear and lesser damage to its front end and that the Chevrolet had been damaged in the front. He stated that appellant did not speak clearly, that his eyes were watery, that his face was flushed, that he had difficulty walking or standing and that his breath smelled of alcohol, and expressed the opinion that he was intoxicated. Young stated that only

Mr. Brock's body was at the scene when he arrived, but that he saw Mr. Looney's corpse later at the morgue. A test was made on both corpses and revealed no indication of intoxication. A hose and a can were found at the rear of the Ford. An empty beer bottle was found in the Chevrolet. A sample of appellant's urine was taken with his consent and was shown to contain .34 percent alcohol which was indicative of intoxication.

Appellant did not testify in his own behalf, but called the witness Wilson, who testified that he drank a beer with appellant in the evening prior to the accident and expressed the opinion that he was not intoxicated. He also introduced a hospital record which showed minor injuries he had sustained in the accident.

 Only one question is presented for review and it relates to an alleged comment upon the defendant's failure to testify. Evidence of an accused's reputation for truth and veracity is not admissible unless he takes the stand in his own behalf, and his failure to do so may not be commented upon by counsel. Two attorneys represented the State in this case. When the witness Wilson was concluding his testimony he was asked if he was acquainted with appellant's reputation for truth and veracity and he replied that he was. At this juncture one of the prosecutors objected on the grounds that no issue existed and the other prosecutor stated, "Your Honor, it is my understanding that the defendant is going to take the stand." Thereupon defense counsel asked for a mistrial. The prosecutor who had made the statement quoted above was then sworn and testified in the absence of the jury as to an agreement he had had with defense counsel "That I would waive my objection to his testifying about the truth and veracity before the defendant would take the stand, in order to get this Mr. Wilson out, as requested by the defense counsel."

Defense counsel stated in open court "I don't recall having told anybody, if Your

Honor please. I told this counsel that I may put the defendant on the stand."

Thereafter the court stated "Well, I assured defense counsel that he could put the witness on, recall him, if he didn't want to make such an agreement at that time."

■ Among other cases, appellant relies on Biggerstaff v. State, 125 Tex.Cr.R. 372, 68 S.W.2d 498, and Heeter v. State, 103 Tex.Cr.R. 399, 281 S.W. 565. In Winfield v. State, 163 Tex.Cr.R. 445, 293 S.W.2d 765, this Court indicated that it would not extend the rule announced in those cases. In Locke v. State, 168 Tex.Cr.R. 507, 329 S.W.2d 873, we refused to consider a question as a reference to the defendant's failure to testify. We so construe the above occurrence.

■ Finding the facts sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.