[No. 2341.]

### ABE TURNER *v.* THE STATE.

1. INDICTMENT.—BURGLARY AND THEFT may be charged in the same indictment and in the same count.
2. SAME—CHARGE OF THE COURT—JUDGMENT—VERDICT.—The indictment in this case charged burglary and theft in a single count. The trial court charged the jury upon the issue of burglary only, and the jury found a general verdict against the defendant, upon which the court adjudged him guilty of burglary. *Held* that, the verdict conforming to the indictment and the charge of the court, and the judgment and sentence conforming to the verdict, the conviction for burglary alone is sufficient and will operate to bar any further prosecution for the theft charged in the indictment.
3. SAME—STATEMENT OF FACTS—DILIGENCE.—See the opinion *in extenso* for a showing of diligence to procure a statement of facts *held* to be insufficient.

APPEAL from the District Court of Freestone. Tried below before the Hon. L. D. Bradley.

The conviction in this case was for the burglary of and theft from the house of W. M. Hancock, in Freestone county, Texas,

on the eighteenth day of May, 1886, and the penalty imposed upon the appellant was a term of two years in the penitentiary. There is no statement of facts.

*Bell & Bell*, and *E. J. Hamner*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It was not error to overrule defendant's exceptions to the indictment. Both burglary and theft may be charged in the same indictment, and in the same count. (Dunham v. The State, 9 Texas Ct. App., 330; Miller v. The State, 16 Texas Ct. App., 417.)

In this case the indictment, in the same count, charges both burglary and theft, but the court, in its charge to the jury, submitted only the issue as to the burglary, and the jury returned a general verdict of guilty, upon which the court adjudged defendant guilty of burglary. The verdict conforms to the indictment and the charge of the court, and the judgment and sentence conform to the verdict. Evidently the conviction is for burglary alone, but it operates as a bar to any further prosecution against defendant for the theft charged in the indictment. (Miller v. The State, 16 Texas Ct. App., 417; Howard v. The State, 8 Texas Ct. App., 447.) We perceive no error in the verdict and judgment.

There is no statement of facts in the record. Defendant undertakes to account for the absence of such statement. He shows that an order of the court was made and entered allowing ten days after the adjournment of the court to prepare, etc., a statement of facts, and that five days after the adjournment of court the judge of said court departed this life, whereby defendant has been deprived of a statement of facts. It is not made to appear that defendant used any diligence to obtain a statement of facts. It does not appear but that such statement could have been obtained by him by the use of proper diligence. The judge lived five days after the adjournment of the court, and no reason is shown why, during this time, the statement of facts could not have been obtained. We can not say from the showing before us that the defendant has been deprived of a statement of facts, without fault on his part.

Finding no error in the judgment, the same is affirmed.

*Affirmed.*