No. 2641.

TOM WILLIAMS *v.* THE STATE.

1. BURGLARY—INDICTMENT.—The conviction in this case was for burglary. It was had under an indictment which charged conjointly the offense of burglary and theft. The allegations were that defendant did burglariously enter the house with the intent to commit theft, and that he did commit theft of certain personal property. The indictment proceeded to allege, not the elements of the theft which it charged he *intended* to commit, but the elements of the theft which he *did* commit. The contention of the appellant is that the indictment is insufficient to support the conviction for burglary, because it failed to allege the elements of the *intended* theft. *Held*, that, alleging the elements of the theft

*actually* committed, the indictment is sufficient to support the conviction for burglary. See the statement of the case for the indictment in extenso.

2. Same.—If the purpose of the pleader had been merely to charge a burglary with intent to commit an offense, and not to charge burglary and the actual commission of the offense, then the indictment would be insufficient unless it alleged the elements of the intended offense.

3. Same.—The rule is, that if burglary and theft be charged in the same count, and the party charged be convicted, the theft will be included in the burglary, and no judgment can be rendered for the theft. In such case, however, the conviction for burglary will bar a subsequent prosecution for the theft.

Appeal from the District Court of Fannin. Tried below before the Hon. D. H. Scott.

A term of two years in the penitentiary was assessed against the appellant upon his conviction for burglary, under an indictment the charging part of which reads as follows:

* * * "That Tom Williams, on or about the first day of July, in the year of our Lord, 1887, in the county of Fannin and State of Texas, did then and there unlawfully, in the day time, by force and fraud, break and enter a house there situate, and occupied and used by Jake Williamson, without the consent of the said Jake Williamson, with the intent to commit theft; and the said Tom Williams did then and there fraudulently take from said house, and from the possession of the said Jake Williamson, one pair of pants of the value of one dollar, the same being the corporeal personal property of the said Jake Williamson, without the consent of the said Jake Williamson, and with intent to deprive the said Jake Williamson of the value thereof, and to appropriate the same to the use and benefit of him, the said Tom Williams. And the grand jury aforesaid do further say that at the county, State and place aforesaid, and on the first day of July, 1887, at night, the said Tom Williams did, by force and fraud, break and enter said house, occupied and situate as aforesaid, with the intent to commit theft; and the said Tom Williams did then and there fraudulently take from said house, and from the possession of the said Jake Williamson, one pair of pants, of the value of one dollar, the same being the corporeal personal property of the said Jake Williamson, without the consent of the said Jake Williamson, and with the intent to deprive the said Jake Williamson, of the value thereof, and to appropriate the same to the use and benefit of him, the said Tom Williams; contrary," etc.

Jake Williamson was the first witness for the State. He tes-
tified that he lived in a house situated in Bonham, Fannin county,
Texas. No one but the witness occupied that house in July, 1887.
Some time during that month a pair of pants belonging to the
witness were taken from that house without the consent of the
witness. When taken they were in a box inside of the house.
Witness placed them in a box on a Friday, and missed them on
Saturday—the next day—and found them at the house of Dick
Stewart, where the defendant then lived, on the following Mon-
day. When he missed his pants on Saturday the witness discov-
ered that the latch on his door had been pried so that it would
not catch and fasten. He closed, latched and fastened his door
on Friday night, and again on Saturday morning when he left
his house. On his return on Saturday he found the latch pried
as stated, and missed his pants. Until a month previous to this,
the defendant lived with witness, and was authorized to enter
the house at will, but had no authority to do so after he left and
went to Stewart's. His clothes were still at the witness's house.

Tom Stephens testified, for the State, that he and the defend-
ant lived at Dick Stewart's house in July, 1887. On the Satur-
day night after Williamson lost his pants the witness saw the
defendant wearing a pair of dark blue pants. They were the
same pants identified on the examining trial by Williamson as
the pants that were taken from his house. The defendant told
witness that he bought those pants at the second hand store for
one dollar and a quarter. When Dick Stewart's house was
searched, the pants were found in the yard under a water barrel.

Other witnesses for the State testified that they were present
when the premises of Stewart were searched for the pants, and
that they saw Bob Willis turn over a water barrel in the yard
and find the pants which were afterwards, at the examining trial
of the defendant, identified and claimed by Jake Williamson.

The motion for new trial, and the motion in arrest of judgment,
raised the question discussed in the opinion.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This prosecution was for burglary
and theft, and the indictment contained two counts, one for a
burglary and theft in the day time, and one for burglary and
theft at night. The defendant was convicted and adjudged

guilty of burglary, and the only question arising upon the record is as to the sufficiency of the indictment as a charge for burglary.

It will be noted that the counts are not for burglary alone, but each one charges conjointly a burglary and theft. In substance and effect, the charge is that defendant entered the house to commit theft, and, whilst it does not give in that connection the elements of the theft he intended committing, it does charge all the elements of the theft he actually committed, and connects in one sentence, by the conjunction "and," the intent with the act, which act is fully described in the statutory words used to define theft. The pleader has followed form 461, Willson's Criminal Forms, page 200. It is not burglary with intent to commit theft alone which was the crime intended to be charged. In such case, form 460, Id., should have been followed, and in such case, where the offense intended and not its actual commission is the object, the intended offense must also be charged with all its ingredients.

Not so when the actual commission is charged in the same count after the unlawful entry. It would be a useless tautology to require the pleader to allege in the same count the statutory ingredients of the intended crime, and then repeat those same ingredients again in the crime into which the intent is consummated and merged. If you aver that A intended to commit theft, and then state particularly the accomplished acts of his which constitute the statutory definition of theft, is not A as fully put upon his notice of the intended crime as he is of the crime committed? We think so. The fact that the same count may charge two offenses, and that the party might have been convicted for either burglary or theft (Penal Code, art. 712), is no argument that the count is insufficient for burglary; because, where the two offenses are charged in the same count, the rule is that on conviction the theft would be included in the burglary, and no judgment could be rendered for the theft. In such case the conviction for burglary would bar a subsequent prosecution for theft. (Miller v. The State, 16 Texas Ct. App., 417; Howard v. The State, 8 Texas Ct. App., 447; Black v. The State, 18 Texas Ct. App., 124; Smith v. The State, 22 Texas Ct. App., 350.)

Believing that each count was sufficient to charge burglary, the crime for which appellant has been convicted, and having found no error in the record, the judgment is affirmed.

Opinion delivered October 22, 1887.                    *Affirmed.*