HARRY WHITEHEAD v. THE STATE.

No. 3360.   Decided December 13, 1905.

**1.—Theft—Circumstantial Evidence—Charge of Court.**

Where a defendant confessed to taking the property, there was no error in not charging on circumstantial evidence.

**2.—Same—Charge of Court—Confession.**

The mere fact that defendant took the witness stand and contravened his confession made before trial, would not require the court to charge thereon.

**3.—Same—Charge of Court—Jury Judges of Fact.**

There was no error in a case of theft, in failing to instruct the jury that they were the judges of the facts proven, the court having instructed them that they were the judges of the credibility of the witnesses, etc., and there would not have been error to have omitted a charge of this kind altogether, unless there was suspicion as to the credibility of the witnesses or the weight of the testimony.

**4.—Same—Witness—State Refusing to Place Witness on Stand.**

On trial for theft, there was no error in the refusal of the State to place any particular witness on the stand. The witness was present and appellant could have placed him on the stand if he desired.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The following statement taken from the Assistant Attorney-General's brief is substantially correct: The State's evidence shows that appellant was in Mrs. Fry's store when the complaining witness, a Mexican woman, was handed $54 by Mrs. Fry. After getting the money, it was placed in a basket, and the Mexican woman then went out of the store for about five minutes. Upon returning, she found her money, which was in a purse had been taken. Appellant had left the store. Another colored man, Richard Gordon, who had been in there with appellant, was still there. No witness saw the money taken. Appellant was seen coming from around the store, and

was halted by Mr. Sisson, who searched him and found nothing on him. Appellant declined to wait until an officer could be summoned, and went across the street to his house, and went through the house, and jumped over the back fence, and ran away. Sisson pursued him, accompanied by the negro, Gordon, and found him concealed in some high weeds. The money was found lying by him. Upon being brought back to the store, an officer was summoned, to whom appellant first claimed that Richard had given him the money, and then afterwards confessed that he had taken the money from the basket. As a result of his confession, and his statement of the disposition of the purse and money, the officer and Mr. Brewster found in appellant's house, the purse, which appellant had put in the stove, and which was identified as the purse which had contained the money.

Appellant testified that Richard had stolen the money, and had brought it to him, and told him to burn up the purse, and to hide in the weeds with the money, and in effect, contended that he was only a receiver of the money, and had nothing to do with the taking. By his mother and sister, he impeached the character of Richard for honesty. He also claimed that Richard had led the officer to him, while he was concealed in the weeds. Sisson testified that Richard did not direct his movements and that he found appellant.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General; *W. C. Oliver* and *E. T. Branch,* for the State.

BROOKS, Judge.—Appellant was convicted of theft, and his punishment fixed at confinement in the penitentiary for a term of five years.

Appellant insists that the court erred in failing to charge on circumstantial evidence. Appellant confessed to taking the property, and hence it was not necessary to charge on circumstantial evidence. Matthews v. State, 39 Texas Crim. Rep., 553; Landrech v. State, 70 S. W. Rep., 758.

Appellant further insists that the court should have charged the jury if they found appellant did not admit the taking, the jury should disregard the confession. There was no error in failing to so charge. The mere fact that appellant contravened the confession, would not require the court to charge thereon.

Appellant further insists that the court erred in failing to instruct the jury that they were the judges of the facts proven. The court instructed the jury that they were the judges of the credibility of the witnesses and the weight to be given their testimony. It would not be error to omit the charge altogether, unless here was suspicion as to the credibility of the witnesses or the weight of the testimony. Jackson v. State, 22 Texas Crim. App., 442.

There was no error in the refusal of the State to place any particular

witness on the stand. The witness was present, and appellant could have placed him on the stand, if he desired.

The evidence is amply sufficient to support the verdict of the jury; and the judgment is affirmed.

*Affirmed.*