CHARLIE WALKER V. THE STATE.

No. 22845. Delivered May 3, 1944.

The opinion states the case.

*C. R. Carpenter*, of Lubbock, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of intoxicating liquor for the purpose of sale in a dry area, and by the jury assessed a fine of $500.00.

The facts show that appellant, a negro, leased the premises called No. 1719 Ave. B. in the City of Lubbock from Mr. Trammel, a white man, whose daughter ran a grocery in a building owned by Trammel, and 1719 Ave. B was an apartment in the rear of such store building. The State's testimony showed that

outside of No. 1719, about a foot from the wall thereof, in a ten-gallon milk can buried in the ground, the officers found four bottles of whisky, the can being covered up with a piece of tin. This can seems to have been opposite the wall of No. 1719 Ave. B, although very close to an apartment partition. There seems to have been many other apartments near this one, and many negroes living in such apartments, some of whom bore the reputation of bootleggers. There were two rather celebrated bootleggers who lived within approximately twelve feet of appellant's apartment, although their specialty seemed to have been home brew and choc beer rather than whisky. There were many other negroes living in close proximity to where this liquor was hidden, as well as across the street therefrom, and also a well-beaten path which passed by this hidden liquor. No testimony even places appellant any nearer this hiding place other than the fact that he was said to live at No. 1719 Ave. B, while other testimony shows him to be living at No. 1713 Ave. B, another apartment, evidently nearby.

Of a necessity the State had to rely upon circumstantial evidence in order to show appellant's guilt. The trial court charged the jury:

"In this case the State relies upon circumstantial evidence. In order to warrant a conviction on circumstantial evidence, each fact necessary for the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt. All the facts necessary to the conclusion must be consistent with each other and with the main fact sought to be proved, and the circumstances taken together must be of a conclusive nature, leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged."

We have often held as is set forth in Rice v. State, 122 Texas Cr. R. 64, 53 S. W. (2d) 629:

"A conviction on circumstantial evidence cannot be sustained unless the circumstances proven exclude every other reasonable hypothesis except that of the guilt of the accused. Proof that only amounts to strong suspicion or mere probability is not sufficient to support a conviction. Branch's Ann. P. C. Sec. 1877; Hernandez v. State, 72 S. W. 840. There must be evidence overcoming the presumption of innocence and excluding every other reasonable hypothesis except the guilt of defendant. Branch's Ann. P. C. 1877; Hernandez v. State, supra; Pogue v. State,

12 Tex. App. 283; Hogan v. State, 13 Tex. App. 319; Clifton v. State, 39 Tex. Cr. R. 619, 47 S. W. 642. This, we think, the evidence fails to do."

And we add to these authorities the cases of Ricker v. State, 140 S. W. (2d) 177 and Gonzales v. State, 156 S. W. (2d) 988, in which latter case we said:

"There is perhaps no rule of law more firmly established than that relating to the sufficiency of circumstances relied upon to establish the guilt of an accused; which is that, the circumstances proven must exclude every other reasonable hypothesis except the guilt of the accused. Proof which amounts only to a strong suspicion or mere probability is not sufficient."

The facts herein do show some suspicious circumstances against appellant, but living, as it seems, in a nest of proven and acknowledged violators of the liquor laws, the mere fact that liquor was found buried outside of his house, and in close proximity thereto, as well as in fairly close proximity to many other people, does not exclude every other reasonable hypothesis than that such liquor belonged to him, according to our minds.

Accordingly the judgment is reversed and the cause remanded.