# BUCK POWERS V. STATE.

No. 24478. November 9, 1949.
Rehearing Denied December 14, 1949.

*Clyde Vinson,* and *Cliff Tupper,* both of San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is theft of personal property over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a period of five years.

The indictment in this case contains two counts in the first of which appellant is charged with burglary. This count is followed by a paragraph charging that theretofore, on the 16th day of July, 1936, in the district court of Lea County, State of New Mexico, in Cause No. 411, the said Buck Powers was legally convicted in said last-named court of the offense of taking, carrying away and stealing from the dwelling house of Earnest Jones, a quantity of clothing of the value of more than ten dollars.

The second count charged appellant with burglary and theft of corporeal personal property of the total value of $120.00. The trial court submitted the case to the jury on the second count with the instruction that if they found him guilty of either offense, burglary or theft, they could not find him guilty of both burglary and theft, but only one of said offenses, if any. The jury found him guilty of theft and assessed his punishment as above stated.

In his brief, appellant contends that since he was charged in the second count with burglary and theft he could not be punished for the joint offenses under the holding of this court in the case of Howard v. State, 8 Tex. App. 447. We do not deem it necessary to enter upon an extended discussion of this question since the court in his charge specifically instructed the jury that in the event they found the defendant guilty, as charged in the second count of the indictment, they should find him guilty of either the offense of burglary or the offense of theft, but that they could not find him guilty of both burglary and theft, but only one of said offenses, if any. It occurs to us that the trial court by the charge protected appellant in his legal right. We agree that burglary and theft are separate and distinct

offenses and should ordinarily be charged in separate counts; however, if both are charged in the indictment, it will not vitiate the same. See Turner v. State, 22 Tex. App. 42, 2 S. W. 619. Where both offenses are charged in the same count in the indictment, it may be subject to a motion to quash on the ground of duplicity, but no such objection was urged to the indictment. Therefore, the question is not in this case. We agree with appellant that where the indictment charges both burglary and theft a conviction of burglary operates as a bar to any further prosecution for the offense of theft. See Turner v. State, supra; also Dunham v. State, 9 Tex. App. 330.

Appellant's next contention is that the evidence is insufficient to justify and sustain his conviction. With this contention we do not agree. It appears from the record that on Saturday appellant accompanied Clarence Davis (who was in charge of the Atkinson ranch) to the ranch house where the alleged stolen property was located at the time. The next day they left the ranch and went to Carlsbad where appellant lived. On their arrival at appellant's home, Davis became sick and appellant told him to go into the house and lie down on a bed which he did. He soon fell asleep, and later he woke up and started to drive back to the ranch sometime about 10 or 11 P. M. The next morning he arose rather late, and about 9 A. M., when he went to put a saddle on a horse, he missed two saddles, two bridles, and two spurs. The officers were notified. They went immediately to the ranch in question and made an investigation. They found tracks made by a motor vehicle, the tires on the front wheels of which had rib tread tires, while those on the rear wheels were worn slick. The officers went to the place where appellant lived with a woman by the name of Myrtie King to whom he was not married at the time. The officers found appellant absent. Some few days later they went back to his home, and upon their arrival, they found Myrtie King present, but appellant was not there. They saw an old automobile with one slick tire on one of the rear wheels, and a search of the premises revealed another slick tire. The officers, being unable to locate appellant, got in touch with the F.B.I., who some few months later located him in the State of California, from where he was brought back to Texas by the sheriff of Sterling County and placed in jail. He gave bond and was released from custody. After he had given bond and was released he talked a short while to the sheriff at which time he told the sheriff that he was going to get the saddles and things together and would probably see him in a few days. Sometime later the sheriff had another conversation with appellant at which time he made

an unqualified admission of his guilt. We think that the motor vehicle tracks found at the ranch house, the two slick tires found at the place where appellant lived, and his flight, together with his unqualified admission of his guilt to the sheriff as hereinabove stated, is sufficient to sustain the jury's conclusion of his guilt.

His next complaint is that the court failed to charge on the law of circumstantial evidence. We do not think his position is well founded since the case did not depend entirely upon circumstantial evidence. His admission to the sheriff takes the case out of the rule of circumstantial evidence, hence the court was not required to give any instruction on the subject. See Mathews v. State, 39 Tex. Cr. R. 553, 47 S. W. 647, 48 S. W. 189; Whitehead v. State, 49 Tex. Cr. R. 123, 90 S. W. 876; and Branch's Ann. P. C., pp. 1341-1342, sec. 2480.

Appellant next complains of the admission in evidence of his alleged former conviction in the State of New Mexico. The former conviction was charged in the indictment as a basis for enhanced punishment, and when the state failed to prove the same by competent evidence, the court in his charge withdrew it from the jury and instructed them not to consider it for any purpose. It occurs to us that the action of the trial court was sufficient to effectively withdraw such evidence from consideration by the jury since there is no injury shown to have resulted to appellant.

Finding no error in the record, the judgment of the trial court is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In the same count in the indictment appellant was charged with the burglarious entry of a house, and a completed offense of felony theft. In a motion for rehearing it is contended that under such pleading there can be no conviction for theft in the absence of proof that the entry of the house was burglarious; that the evidence fails to show a burglarious entry, therefore, a reversal must follow.

As we understand it, appellant relies upon Miller v. State, 16 Tex. App. 417, Howard v. State, 8 Tex. App. 447; Turner

v. State, 22 Tex. App. 42, 2 S. W. 619; Smith v. State, 22 Tex. App. 350; Williams v. State, 24 Tex. App. 69, 5 S. W. 838. We are not impressed that the cases support appellant's contention. They deal with the effect of a conviction for theft under such pleading where a further conviction for burglary was sought, or where, under such pleading, there had been a conviction for burglary and a further conviction for theft was sought. This point was in no way involved in the present case. Here the conviction was for felony theft which had been properly charged. There had been no conviction for burglary.

The latest expression from our court upon the subject which we find is in Bernal v. State, 95 S. W. 118. This case is not reported in our Texas Criminal Reports, and perhaps in that way escaped appellant's notice. It is so closely in point we quote therefrom as follows:

"Appellant was convicted of theft, and his punishment fixed at confinement in the county jail for six months.

"Appellant insists the case should be reversed because the jury was not authorized under the indictment to convict of theft. The indictment charges burglary—that is, breaking of the house with intent to commit theft—and then, in the same count, charges appellant with theft. We understand this form of indictment is permissible; that is, both burglary and theft may be charged in the same count in the indictment or information. Dunham v. State, 9 Tex. App. 330. Unquestionably under such an indictment a party may be convicted of burglary, and such a conviction will be a bar to any subsequent prosecution for theft committed in the same burglary. Dunham v. State, supra; Miller v. State, 16 Tex. App. 418; Turner v. State, 22 Tex. App. 42, 2 S. W. 619; Williams v. State, 24 Tex. App. 69, 5 S. W. 838. If, under such conviction for burglary, where the indictment contains a charge for both burglary and theft, it will be a bar to a subsequent prosecution for theft, of course, a conviction for theft will be a bar to a subsequent prosecution for burglary. We hold that the conviction for theft under this indictment was a proper conviction. The indictment was not vicious which contained in the same count both offenses properly alleged."

Appellant's motion for rehearing is overruled.