GEORGE YOUNG v. STATE

No. 28,735. February 6, 1957.

Robert C. Benavides, Thomas K. Bamford and Wm. Hollowell, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *George P. Black-burn, Homer Montgomery, A. D. Bowie*, and *H. A. Brotherton*, Assistants Criminal District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of heroin; the punishment, 25 years.

Officers Gannaway and Slovak of the narcotics squad of the Dallas police testified that, in company with detective Rose, they went to St. Paul Hospital on the morning in question and there picked up one Howard Duane Miller, a narcotic addict, searched him for narcotics, gave him two ten dollar bills, the numbers of which they retained, drove him in a panel truck to the neighborhood of 2420 N. Washington Street in the city of Dallas and instructed him to go to the appellant's room in the boarding house at such address and purchase some narcotics. The officers did not know how many doors there were in the rooming house but stated that they had been there before and that the appellant's room had a door opening out on the front porch and another door which opened into a room to the rear of the appellant's room. There was no showing as to whether or not this second room behind that occupied by the appellant had another door leading into other parts of the rooming house. They stated that they watched Miller as he presented himself at the appellant's door and saw the appellant admit him, that Miller remained in the house for approximately three minutes, and that they then saw the appellant let Miller out the same door. Miller joined them soon thereafter, they again searched him, found the money missing, and Miller delivered to them the heroin which constitutes the basis of this prosecution.

It was shown that Miller had died prior to the trial.

The only other evidence which tended to connect the appellant with the possession of the narcotics in question came from the witness Biggio, the custodian of the property room of the police department. He testified that officers Moore and Sinkle brought him the two ten dollar bills in question, that he inventoried them in his record as being the property of the appellant, and that on the afternoon of the day in question the appellant signed for the money and it was released to him.

Neither officers Moore or Sinkle was called as a witness.

It must be borne in mind that the record is barren of any proof as to who was in the appellant's room or the room behind it or in the rooming house during Miller's visit or as to where Miller went in the house. The officers merely testified that they saw no one enter or leave during the short time they had the rooming house under observation. It must be further remembered that the only way the money was ever placed in the appellant's possession was by the testimony of the custodian who said he delivered it to the appellant; it was never shown to have been taken from the person of the appellant. There is an entire absence of any showing that the appellant at the time he signed for the money at the property room was asserting any claim to the identical bills delivered to him as distinguished from any other currency.

We have concluded that the state has here failed to disprove the outstanding hypothesis that Miller could have secured the narcotics from some person other than the appellant or that the money could have been taken from someone else and mistakenly delivered to the appellant.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

The addict-informer who was employed by the officers was instructed "to go to 2420 North Washington where the defendant George Young lives and purchase three capsules of heroin from him." He was taken to the vicinity in a panel truck and was in full view of the officers at all times except three minutes.

He was admitted into "the room where George Young lived. George Young opened the door and let him in."

Three minutes later George Young, the appellant, let him out.

When the informer left the officers he had no narcotic drug on his person, but had two $10 bills which the officers furnished him. Three minutes later he handed the officer three capsules of heroin, and the money was gone. The room where he entered had but one outside entrance, but there was at least one other entrance to the building.

The two $10 bills reached the property room at the Dallas

Police Department and were in control of the custodian charged with the duty of keeping property belonging to prisoners, and property held as evidence, until they were delivered by the custodian to appellant who signed for the money.

The informer having died before the trial, the state relied upon circumstantial evidence and the jury, under a charge so submitting the case, found appellant guilty.

The majority conclude that the evidence is insufficient because of what they conceive to be the outstanding hypothesis that the informer could have secured the narcotic from some person other than appellant and the $10 bills could have been taken from someone else and mistakenly delivered to appellant by the custodian.

To the mind of the writer the hypothesis mentioned is but the wildest speculation and suggests a remote possibility and not a reasonable hypothesis.

So far as this record shows no one but the appellant resided or was in the room where the informer went for the purpose of purchasing heroin. Exactly three minutes passed from the time the informer was admitted to appellant's room until the appellant let him out. This was hardly time for him to leave and return to appellant's room after purchasing the heroin elsewhere in the building. And why, if he did and appellant was not a party to the possession of the heroin, did the informer return to appellant's room?

The evidence, viewed in the light most favorable to the jury's findings, amply sustains the conviction and the judgment should be affirmed.