RUDY GARZA MARTINEZ, alias RUDOLPH GARCIA MARTINEZ
v. STATE

No. 32,271. November 16, 1960

*Jones, Herring & Jones,* by *Perry L. Jones,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is possession of marihuana; the punishment, two years.

Trial was before the court without a jury; the plea, nolo contendere.

Appellant challenges the sufficiency of the evidence to sustain the judgment.

The testimony shows that as police officers, in response to a call, approached the scene of a disturbance, they met the appellant and Daniel Gonzales, who the officers later determined had nothing to do with the disturbance. Officer Jordan testified that the appellant and Gonzales, who appeared to be leaving the scene of the disturbance, were arrested as they were about to enter a car belonging to Gonzales and that Gonzales was on the driver's side of the car which was parked on the north side of the street; and he further stated that they found a cigarette on the ground across the street from Gonzales' car. Officer Bundren testified that the arrests were made on the south side of the street directly across from where Gonzales' car was parked on the north side; and that he picked up a cigarette from the gutter across the street from Gonzales' car and about ten feet from where the arrests were made. Evidently present at the time of the arrests, Officer Garrett, when asked did not say where the arrests were made. Upon a search at the police station, dustings were removed from the pockets of both the appellant and Gonzales. A search of the car revealed a match box under the floor mat beneath the front seat.

Proof was offered that the cigarette contained marihuana. The proof also showed that some dustings contained traces of marihuana, but they were not identified as those removed from the appellant or Gonzales. Officer Garrett testified that he was familiar with the characteristics of marihuana and that in his opinion the contents of the match box was marihuana and that an analysis of it showed that it was marihuana.

The testimony shows that when the officers arrived, there were many persons on the street near the car and the place where the cigarette was found.

Appellant did not testify but called several reputation witnesses.

Although Art. 505, V.A.C.C.P., as amended, states that the

legal effect of a plea of nolo contendere shall be the same as that of a plea of guilty, yet the plain and positive provision of Art. 12, V.A.C.C.P., as amended, requires that:

"* * * in no event shall a person charged be convicted upon his plea of guilty or nolo contendere, as the case may be, without sufficient evidence to support the same."

The plea of nolo contendere, being the same as a plea of guilty to a felony charge before the trial judge after waiver of a jury trial, constitutes an admission of guilt, but it does not authorize a conviction and relieve the state of the burden of introducing sufficient evidence to show the accused's guilt as charged. Upon the state's failure to introduce such proof, the accused is entitled to a new trial. Spivey v. State, 140 Tex. Cr. Rep. 107, 143 SW 2d 386; Burks v. State, 145 Tex. Cr. Rep. 15, 165 SW 2d 460; Ex Parte Lyles, 168 Tex. Cr. Rep. 145, 323 SW 2d 950.

There is no evidence showing any acquaintance, association, or connection between the appellant and Gonzales or his car before they were seen walking across the street. Further, there is no evidence showing that the appellant, at any time while acting either alone or together with Gonzales, had the possession, that is, the care, control, or management or the cigarette or the match box.

In Brock v. State, 162 Tex. Cr. Rep. 339, 285 SW 2d 745, we said:

"A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other hypothesis except that of the guilt of the accused; and proof amounting only to a strong suspicion or mere probability is insufficient. Branch's Ann. Tex. P.C., p. 1042, sec. 1877; Reed v. State, 113 Tex. Cr. R. 412, 22 SW 2d 456; Cloyd v. State, 133 Tex. Cr. R. 48, 156 SW 2d 988; Walker v. State, 147 Tex. Cr. R. 243, 179 SW 2d 971; Williamson v. State, 156 Tex. Cr. R. 520, 244 SW 2d 902."

The evidence being insufficient to support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.