Kenneth J. BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41132.

Court of Criminal Appeals of Texas.

March 20, 1968.

Rehearing Denied May 8, 1968.

Certiorari Denied Feb. 24, 1969.
See 89 S.Ct. 850.

Briscoe, Dally & Shaffer, by Carl E. F. Dally, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frederick M. Stover, Asst.

Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the possession of heroin; the punishment, 99 years.

Appellant at the outset urges this Court to overrule three of our relatively recent opinions. In Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, we set forth an affidavit (which is identical in all material respects to the ones in the case at bar) made for the issuance of a search warrant, and held it to be sufficient. In Bosley v. State, Tex.Cr.App., 414 S.W.2d 468, and in Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435, cert den, 387 U.S. 925, 87 S.Ct. 2044, 18 L.Ed.2d 982, we referred to the affidavit in Acosta, supra, and reaffirmed our holding that it was sufficient to show probable cause. In Gonzales, supra, we recognize that a conflict existed between the holdings of the several circuits and declined to depart from our prior holding until the Supreme Court of the United States settled the conflict. Such has not yet been done.

While appellant's counsel painstakingly briefed the question, he has only three circuit court cases which have been decided since our opinion in Bosley, supra, and all of them are from the Second Circuit. If United States v. Soyka, decided January 18, 1968, 394 F.2d 443, had been decided by our Fifth Circuit, we would probably be required to alter our statement in Gonzales, and wait no longer for a direct ruling from the Supreme Court. The other two cases cause us no concern.[1]

■ A second phase of appellant's attack upon the affidavit is just as serious as his first. He was able to establish by motion to suppress and on his motion for new trial that the affidavit in question was used by the City of Houston Police as a model and copied in haec verba in other cases (except for the names, dates and places). While not affecting the validity of the affidavit in the case at bar, we join appellant in condemning the practice, if it is the case, of using one model affidavit to fit all situations. The simple reason for condemning such a practice is that no two cases are exactly alike and the use of stereotyped affidavits would run the risk of making the officer who executed the same guilty of false swearing. The enforcement of the law should never sink to such a level. We say that such practice, if it exists, does not affect the validity of the affidavit in the case at bar, because of the general rule that a court will not look behind the allegations of an affidavit for the issuance of a search warrant.

■ His next contention is that the statements of the accused at the time of the discovery of the heroin by the searching officers were not admissible because he was at that time under arrest and had not been warned. The search warrant under which the officers were acting authorized a search of the premises under appellant's control. As we construe it, it further provided for the arrest of appellant in the event narcotics were found as the result of such search. The searching officers arrived at appellant's drug store where they found two clerks and a clean-up boy on duty. They proceeded to the rear of the store where they found appellant resting on a cot or bench. He and the other employees were placed near each other in the center of the store. After some 45 minutes of searching, a display case was raised and in a spot inaccessible except by raising the entire case, the searching officers found a brown paper bag. The officers who found the bag held it before them, and before looking into the same, asked appellant, "What is this?", to which appellant an-

1. United States ex rel. Schnitzler v. Follette, 2 Cir., 379 F.2d 846 (1967), and United States ex rel. Rogers v. Warden of Attica State Prison, 2 Cir., 381 F.2d 209 (1967).

swered, "It is heroin, you have got me this time."

It is appellant's contention that this answer was inadmissible as an oral confession. The State's witnesses testified that appellant was not under arrest and stated that they had no reason to arrest him until they found the contraband. This would appear to be correct, and we hold the answer admissible as a statement made while not under arrest.

■ While we conclude that appellant was not under arrest at the time of the statement quoted above, we further call attention to our recent holding in Hill v. State, Tex.Cr.App., 420 S.W.2d 408, that Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, could not be interpreted to exclude res gestae statements.

Following the finding of the heroin at the drug store, the officers observed a rent receipt showing that appellant had paid the rent on a certain apartment in the city on the day preceding, and armed with a search warrant similar to the one for the drug store, conducted a search of such apartment. Therein they found a set of scales and pieces of paper bearing what was later shown by the testimony of the chemist to be particles of heroin. We need not again discuss the sufficiency of the affidavit for the search warrant for the apartment.

■ Appellant's next ground of error is that the court erred in failing to charge the jury on the law of circumstantial evidence. As we construe the holdings of this Court in Moss v. State, 135 Tex.Cr.R. 181, 117 S.W.2d 428, and Powers v. State, 154 Tex.Cr.R. 73, 225 S.W.2d 176, such a charge was not required.

■ Appellant also contends that the evidence is insufficient to support this conviction and relies upon several cases. In Brock v. State, 162 Tex.Cr.R. 339, 285

S.W.2d 745, the contraband was found in a room commonly used by the public. In the case at bar, the only way one could gain access to the area where this heroin was found was by lifting a heavy display case and reaching into its inner enclosed section.

In Arsiaga v. State, Tex.Cr.App., 372 S.W.2d 538, the contraband was found in a cafe near where appellant had been. In the case at bar, appellant was shown to have managed the drug store in question and the enclosed section of the display case was not accessible to the public.

In Hilton v. State, 168 Tex.Cr.R. 119, 324 S.W.2d 5, the contraband was found in an apartment over which the accused was not shown to have any control. In this case both the witnesses for appellant as well as those for the State testified that appellant had control and management of the drug store in question.

In Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56, the contraband was found in the street some distance from the Gonzales automobile at a time when the accused and Gonzales were preparing to enter the automobile, and in Young v. State, 164 Tex.Cr.R. 234, 298 S.W.2d 176, the officers saw their agent enter accused's room, but did not know whether he had gone further into the house or whom else besides accused their agent had seen.

What we have found as to the time of appellant's arrest precludes a discussion of appellant's contention that he should have been given the warning required by Miranda v. State of Arizona, supra.

Though not without considerable difficulty, we have concluded that reversible error has not been shown, and since the facts are amply sufficient to support the conviction, we affirm the judgment.

WOODLEY, P. J., and BELCHER, and DICE, JJ., concur in the affirmance of this conviction.