Manual CARDENAS, Sr., Appellant,
(1977 Dodge Van)

v.

The STATE of Texas, Appellee.

No. A2042.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 23, 1979.

Rehearing Denied June 13, 1979.

Tom Lambright, Houston, for appellant.

James F. Hury, Jr., Crim. Dist. Atty.,
Michael J. Guarino, Asst. Dist. Atty., Gal-
veston, for appellee.

Before MILLER, PRESSLER and SALA-
ZAR, JJ.

MILLER, Justice.

This is an appeal from a vehicle forfei-
ture proceeding. The trial court found in
favor of the State and the vehicle owner
appeals. We reverse and render.

Manual Cardenas, Sr. was arrested for
violation of the Texas Controlled Sub-
stances Act, Tex.Rev.Civ.Stat.Ann. art.
4476–15 (Vernon 1976) (The Act). Pursu-
ant to sections 5.03–5.10 of the Act, the
State filed notice of seizure and intended
forfeiture in the district court of Galveston
County. Trial was to the court. For pur-
poses of this appeal, it is uncontroverted
that the sale of drugs was conducted from
the appellant's 1977 Dodge van, and that
drugs were found therein. Whether the
van was used in a manner which made it
subject to statutory forfeiture is the con-
tested issue.

At the trial the State introduced the tes-
timony of the three narcotics officers who
first observed the sale of the drugs and
participated in appellant's arrest and the
search of the van. All three testified that
they first noticed the van in a parked posi-
tion on Galveston Beach and that it was not
moved during their observation prior to ap-
pellant's arrest. All three testified that
they personally bought drugs from appel-
lant. They observed many people doing
business with appellant who was in the
driver's seat of the van but the officers
were not always close enough to know
whether others were buying or selling. In
essence they testified that they had no first
hand knowledge of where the vehicle or the
drugs had come from. The trial court ren-
dered judgment that the van be forfeited to
the State.

▮ Appellant appeals on one point of
error which is that the State failed to prove

beyond a reasonable doubt that the van in which the drugs were found was used to transport or in any manner facilitate the transportation for delivery of a controlled substance. Proceedings under Tex.Rev.Civ. Stat.Ann. art. 4476–15 § 5.03 through § 5.10 (Vernon 1976) are civil in rem in nature even though authorized under a criminal statute. *McKee v. State*, 318 S.W.2d 113 (Tex.Civ.App.—Amarillo 1958, writ ref'd n. r. e.). The State, however, is expressly required to prove beyond a reasonable doubt that the property is subject to forfeiture. Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.07(b) (Vernon 1976). Section 5.03(a) of the Act provides which property is subject to forfeiture and includes:

. . . (5) any conveyance . . . that is used or intended for use to *transport for delivery* or in any manner *facilitate the transportation for delivery* of any property described . . .. (Emphasis ours.)

Delivery is defined in section 1.02(8) of the Act as the actual or constructive transfer from one person to another of a controlled substance. Although this section expressly includes "an offer to sell a controlled substance", section 5.03(a)(5) includes a proviso that ". . . no conveyance shall be subject to forfeiture if the delivery involved is an offer to sell." By the clear wording of this statute as well as previous judicial construction of the forfeiture statutes in general, *State v. Richards*, 157 Tex. 166, 301 S.W.2d 597 (1957), the legislature intended them to curb the illegal *transportation* of narcotics. The Act itself includes other provisions to punish sale or possession of a controlled substance.

Although the statement of facts is replete with evidence of sale, there is no direct evidence that the van was used or intended to be used for transportation for delivery. This being one of the statutory elements of the State's cause of action, there must be evidence of it to support the judgment. Tex.R.Civ.P. 301. The State argues that the circumstantial evidence was sufficient on proof of this element. They point out that the only way the van could

have been on a public beach was by being driven there. They also point out that certain of the drugs were of Mexican origin so that "transportation" was essential to their being in Galveston. The inference is then that it was the vehicle in question which transported the Mexican drugs for delivery to Galveston Beach. In the usual criminal case, however, a conviction on circumstantial evidence cannot be sustained if circumstances proven do not exclude every other reasonable hypothesis except that of guilt of the accused and proof which amounts only to strong suspicion or mere probability is insufficient. *Martinez v. State*, 170 Tex. Cr.R. 266, 340 S.W.2d 56 (1960); *Culmore v. State*, 447 S.W.2d 915 (Tex.Cr.App.1969). We think that the evidence and possible inferences therefrom, when considered in light most favorable to the judgment, do not produce the certainty which excludes every reasonable doubt as is required. *U. S. v. Martinez*, 555 F.2d 1269 (5th Cir. 1977); *Dixon v. State*, 541 S.W.2d 437 (Tex.Crim. App.1976). Another reasonable hypothesis raised by the evidence is that appellant bought the drugs after he arrived at the beach.

We reverse the judgment of the trial court and render judgment for appellant.