**The STATE of Texas, Appellant,**

v.

**Thomas P. SCHACKELFORD, Appellee.**

**No. 1947.**

Court of Appeals of Texas, Corpus Christi.

March 18, 1982.

Kenneth Botary, Asst. Dist. Atty., Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellant.

Nathaniel Rhodes, Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an automobile seizure and forfeiture proceeding. A pickup truck owned by defendant Thomas P. Schackelford was seized by officers of the Texas Department of Public Safety—Narcotics Section, acting under the authority of the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.04 (Vernon 1976). A notice of seizure and intended forfeiture was filed pursuant to Section 5.05 of the Act, alleging that the truck "was used to facililtate for [sic] transportation for delivery [of] approximately 110 pounds of marijuana." The trial court, after hearing evidence, entered judgment for the defendant, denying the State's petition for forfeiture. From such judgment, the State has perfected the instant appeal.

■ The State complains of the trial court's judgment in a single point of error, to wit:

"The trial court erred in concluding that Thomas P. Schackelford's truck was not used to facilitate the transportation for delivery of a quantity of marijuana."

Under the statute then in effect, the State was expressly required to prove beyond a reasonable doubt that the vehicle involved was subject to forfeiture. 1979 Tex.Gen.Laws, ch. 37, § 4 at 60; *Cardenas v. State*, 583 S.W.2d 825 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Section 5.03(a) of the Act sets out which property is subject to forfeiture. The applicable version of the act includes:

"... (5) Any conveyance ... that is used ... or intended for use to transport for delivery or *in any manner facilitate the transportation for delivery* of any property described ... [provided] no conveyance shall be subject to forfeiture if the delivery involved is an offer to sell; (emphasis supplied)." 1979 Tex.Gen.Laws, ch. 37, § 1 at 59–60.

"Delivery" is a term of art defined in section 1.02 of the Act:

"(8) 'Deliver' or 'Delivery' means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance ...." Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(8) (Vernon 1976).

The term "transportation" quite obviously refers to the act of carrying from one place to another any of the property described in the section. See Webster's New Twentieth Century Unabridged Dictionary at 1940 (2d ed. 1979). The dictionary defines "facilitate" as "to make easy or less difficult." Id. at 655. The federal courts, in forfeiture proceedings under a statute similar to the one in this case, have used the term "facilitate" to mean "to lessen the burden or to assist in the task of." See *United States v. One 1973 Volvo*, 377 F.Supp. 810 (W.D.Tex.1974).

Putting all these elements together, it appears that the State's burden was to prove beyond a reasonable doubt that the subject vehicle was used to assist in or make easier the carrying from one place to another a quantity of marijuana for the purpose of actually or constructively transferring said marijuana from one person to another, said transfer being other than an offer to sell.

The only evidence in this case was furnished by the State's sole witness, Mr. John-

ny R. Hatcher, a narcotics investigator with the Texas Department of Public Safety. Hatcher's undisputed testimony shows that on February 27, 1981, he and another investigator, working undercover, met with the defendant at the Corpus Christi International Airport for the purpose of negotiating the purchase from the defendant of a quantity of marijuana. By agreement, the officers later contacted the defendant by telephone at his residence and were instructed to proceed to the parking lot of the Bandera Saloon in Corpus Christi. There they again met the defendant who brought with him two shopping bags full of marijuana which was represented to be a sample of the larger quantity (100 pounds) which the agents had expressed an interest in purchasing. After some discussion, the marijuana was transferred from the defendant's vehicle to the agent's vehicle, and Hatcher went with the defendant to the defendant's residence.

Hatcher's partner remained at the Bandera Saloon in the defendant's vehicle. At the defendant's residence, Agent Hatcher was introduced by the defendant to a Mr. Kenneth Wayne Scott, who Hatcher recognized as a man he had arrested in an earlier undercover narcotics operation. During this visit to the defendant's residence, Hatcher did not see or observe any marijuana other than that which they had brought to the house in the shopping bags. Hatcher left the marijuana in the shopping bags at the defendant's residence and made an excuse to depart as soon as possible for fear of being recognized by Scott. The defendant accompanied Hatcher back to the parking lot of the Bandera Saloon and, after further negotiations, again separated from the officers.

That same evening, after several more trips to the defendant's residence, a sale was finally negotiated for a quantity of marijuana located in the defendant's garage, and the corresponding arrests and seizures made.

There is no evidence that the defendant's vehicle was involved in the transportation of the marijuana that was found in the defendant's garage. The only evidence that links the defendant's vehicle with the transportation of any marijuana was Hatcher's testimony in regard to the "sample" brought to the Bandera Saloon in the shopping bags. However, the Court could reasonably have inferred that the initial transaction constituted an offer to sell. It is clear from the evidence that the marijuana in the shopping bags remained in the control of the defendant and no other type of delivery was made at that time.

We hold that the trial court could have reasonably inferred that the marijuana in the shopping bags was not a part of the negotiated 100 pound sale, or that it was unproven that the shopping bags that were found at the time of the arrest contained the same marijuana which was observed earlier in the evening in the defendant's vehicle. In any case, we cannot hold that the State proved beyond a reasonable doubt that the defendant's vehicle was subject to forfeiture under the applicable version of section 5.03(a)(5) on the evidence presented in this case.

■ In its brief, the State appears to misapprehend its burden in a forfeiture proceeding under the version of the Act applicable to this case. Proof that a vehicle is used to facilitate a *delivery* of described property is not the equivalent of proof that a vehicle is used to facilitate the *transportation* for delivery of described property. The applicable version of Section 5.03(a)(5) specifies a rather narrow range of circumstances upon which the State may seek forfeiture of a vehicle used to transport drugs. As this Court stated in *Amrani-Khaldi v. State*, 575 S.W.2d 667, 670 (Tex. Civ.App.—Corpus Christi 1978, no writ):

"There is nothing ambiguous or uncertain about the wording of the controlled substances act; ... Furthermore, in construing section 5.03(a)(5) of the Act, we must adhere to the rule that a statute imposing penalties or forfeitures is strictly construed in determining whether it applies to the persons or actions not clearly included in the language of the statute. *City of San Marcos v. Lower Colorado*

*River Authority*, 508 S.W.2d 403 (Tex.Civ. App.—Austin 1974, *aff'd as mod.*, 523 S.W.2d 641 (Tex.1975)."

The judgment of the trial court is affirmed.